678 So.2d 53 (1996)
STATE of Louisiana
v.
James BALLOM.
No. 96-K-1443.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1996.
*54 Harry F. Connick, District Attorney, Parish of Orleans, Fortune A. Dugan, Assistant District Attorney, Parish of Orleans, New Orleans, for relator.
Before SCHOTT, C.J., and JONES and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
The defendant, James Ballom, was charged by bill of information on August 19, 1995, with theft of property valued between $100 and $500, a violation of La.R.S. 14:67. Mr. Ballom pled not guilty on September 26, 1995. The trial court found the defendant guilty and on December 14, 1995, sentenced him to serve one year at hard labor. The State filed a multiple bill and on January 30, 1996, the defendant, through counsel, pled guilty to the multiple bill. The trial court sentenced the defendant as a third offender to serve sixteen months at hard labor without the benefit of parole, probation, or suspension of sentence. The state objected to this sentence and applied for writs to this Court. On April 19, 1996, in State v. James Ballom 96-K-0499, this Court granted the writ application, vacated the sentence imposed by the trial court, and remanded the case for resentencing, finding that the record did not "indicate a thorough meaningful review of the mitigating factors which could justify this sentence", which was below the mandatory minimum sentence.
Following remand, the defendant made an oral motion for new trial on May 15, 1996. He orally reurged that motion on June 19, 1996, and the trial court granted the motion. The state objected and filed a timely application for supervisory review complaining of the trial court's refusal to resentence the defendant as ordered by this Court in 96-K-0499, and complaining of the trial court's granting the motion for new trial.

ANALYSIS
We find that the trial court erred in granting Ballom's motion for a new trial for several reasons: 1) La.C.Cr.P. art. 852 provides that a motion for a new trial must be in writing. In the present case the defendant made an oral motion only; 2) The motion for a new trial was untimely under La.C.Cr.P. art. 853, which provides that the motion must be filed and disposed of before sentence, unless the motion alleges new and material evidence in which case it must be filed within one year of conviction. In the present case, the defendant was convicted on October 20, *55 1995, and there is no indication that the new trial motion was based on newly discovered evidence; and, 3) The order of this court in 96-K-0499 specifically requires the trial court to resentence the defendant and the trial court failed to comply with this order when it chose to grant Ballom's oral motion for new trial.

CONCLUSION AND DECREE
Accordingly, we grant the State's application for supervisory writs, reverse the trial court's judgment granting the motion for a new trial, and direct the trial court to resentence the defendant within 30 days in accordance with the order in 96-K-0499. The trial court is further ordered to provide this Court proof of compliance.
WRIT GRANTED. JUDGMENT GRANTING MOTION FOR NEW TRIAL IS REVERSED, AND THE TRIAL COURT IS DIRECTED TO RESENTENCE DEFENDANT IN ACCORDANCE WITH ORDER IN 96-K-0499 WITHIN 30 DAYS.
JONES, J., dissents.