(27 P.3d 939)

No. 86,510

STATE OF KANSAS, *Appellant*, v. HERBERT E. DOWNEY, *Appellee*.

Opinion filed July 20, 2001.

*Thomas R. Stanton*, deputy district attorney, *Keith Schroeder*, district attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Richard Ney*, special appellate defender, of Wichita, and *Jessica R. Kunen*, chief appellate defender, for appellee.

Before KNUDSON, P.J., GERNON and PIERRON, JJ.

KNUDSON, J.: The State appeals from the trial court's order granting Herbert E. Downey a new trial after his convictions of rape and two counts of aggravated criminal sodomy. The State contends the trial court did not comply with the mandate of the Court of Appeals issued in *State v. Downey*, 27 Kan. App. 2d 350, 2 P.3d 191, *rev. denied* 269 Kan. 936 (2000). Downey counters that the trial court has the inherent and statutory authority to grant a new trial and its order is not subject to interlocutory appeal by the State.

We conclude the trial court did not comply with the mandate issued in *Downey* and the Court of Appeals has jurisdiction to enforce compliance with its mandate. Accordingly, the trial court's order granting a new trial is set aside, and we again remand for strict compliance with the *Downey* mandate.

The underlying facts of the criminal case are adequately addressed in *Downey* and need not be repeated in detail. One of the issues raised by Downey on direct appeal was whether the trial court erred in overruling his pretrial motions to suppress photo-

graphs and a confession. The Court of Appeals refused to consider the issue because there was no contemporaneous objection lodged at trial. 27 Kan. App. 2d at 360-61. Importantly for purposes of this appeal, the *Downey* court tacitly considered the defendant's claim of manifest injustice when it observed that the State had made a pretrial agreement with Downey allowing for the preservation of the suppression issues for appeal. The court rejected this claim, stating:

"The parties, however, are precluded from devising their own rules of evidence. See 29 Am. Jur. 2d, Evidence § 8, p. 65 ('[P]arties cannot by contract control or modify the law of evidence, and any attempts in that direction are invalid, and not binding upon the parties or the court.'). If this court were to accept the parties' allegation that under the terms of the stipulation Downey preserved certain issues for appeal, then our rules of evidence, specifically K.S.A. 60-404, would be meaningless. . . .

. . . .

Nothing short of an objection at the time evidence is offered satisfies this requirement. See *State v. Nunn*, 244 Kan. 207, 213, 768 P.2d 268 (1989). Because Downey did not renew any objection to the photographs and confession when the State presented evidence of such in the stipulation, Downey has not preserved these issues for appeal." 27 Kan. App. 2d at 361.

After considering other trial issues raised by Downey, the court affirmed his convictions for rape and two counts of sodomy. However, the court did find that an illegal sentence was imposed and remanded for resentencing. After the Supreme Court denied Downey's petition for review, the mandate of the Court of Appeals was issued.

Upon remand, Downey filed a motion to set aside his convictions, contending he was " 'uninformed, . . . defrauded, or victimized' " in entering his stipulations, which was "encouraged and sanctioned" by his defense counsel, the prosecution, and the trial court. He also filed a motion for sentencing departure. Downey later filed a "Second Motion to Set Aside Conviction," contending counsel misled him into stipulations by misstating the appropriate sentencing range.

At the hearing on the motions, the trial court heard testimony from Joseph McCarville, who represented Downey at the original trial, and Judge Timothy J. Chambers, who was the Reno County prosecutor at the original trial. Following the testimony, there was a lengthy discussion between court and counsel as to whether the

trial court had jurisdiction to go beyond the mandate of the appellate court. The court recognized that the motions were outside the 10-day window for a new trial as provided in K.S.A. 22-3501 and inquired if Downey was suggesting review under K.S.A. 60-1507. Downey's counsel made clear no such claim was being advanced. Finally, after further rather confusing colloquy, Downey's counsel informed the court an order arresting judgment was being sought. The trial court then sustained the motion to arrest judgment under K.S.A. 22-3502 and set aside Downey's convictions and gave the parties a new date for jury trial. This set the stage for the State's appeal.

Downey filed a motion with this court to dismiss the appeal, arguing the State lacks a statutory basis for the appeal. This court denied the motion to dismiss, electing to set the case on an expedited special docket. The court also granted the State's motion to stay the jury trial pending a decision on appeal.

We have determined the controlling issues on appeal to be: (1) Does this court have jurisdiction to enforce compliance with its mandate; and (2) Did the trial court have jurisdiction to grant a new trial in derogation of the mandate?

During oral argument upon Downey's motions there was an extended circuitous discussion between the court and counsel as to the nature of relief sought and whether the State would have the right to file an interlocutory appeal. Ultimately, at the invitation of Downey's counsel, the trial court granted relief under K.S.A. 22-3502, as an arrest of judgment. This decision afforded the State an opportunity to file an interlocutory appeal under K.S.A. 2000 Supp. 22-3602(b)(2).

An arrest of judgment is permitted only if the complaint "does not charge a crime or if the court was without jurisdiction of the crime charged." K.S.A. 22-3502. Additionally, such a motion must "be made within 10 days after the . . . finding of guilty, . . . or within such further time as the court may fix during the 10-day period." K.S.A. 22-3502. Clearly, the trial court erred in granting a new trial to Downey under K.S.A. 22-3502.

We next consider whether the trial court could have granted Downey relief under K.S.A. 22-3501, which reads in material part:

"(1) The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 10 days after the verdict or finding of guilty or within such further time as the court may fix during the 10-day period."

By its express language, K.S.A. 22-3501 is not applicable. Downey does not allege newly discovered evidence, and the "any other grounds" proviso requires a motion within 10 days after the finding of guilty.

Finally, an untimely motion, pursuant to K.S.A. 22-3501, may be deemed a petition for relief under K.S.A. 60-1507. See *State v. Bradley*, 246 Kan. 316, 318-19, 787 P.2d 706 (1990). However, even if treated as a 60-1507 motion, the State would have the right to appeal. Supreme Court Rule 183(k) (2000 Kan. Ct. R. Annot. 210).

On appeal, Downey concedes the trial court could not have granted relief under K.S.A. 22-3502. He then suggests the court's action comes closest to meeting the requirements of K.S.A. 22-3501 and the State has no right of appeal. We do not agree for the reasons stated—the trial court could not grant Downey relief under any of the above statutes. We hold that the trial court's erroneous order was entered under K.S.A. 22-3502 and the State's interlocutory appeal was proper under K.S.A. 2000 Supp. 22-3602(b)(1).

Alternatively, for the reasons that follow, we believe the Court of Appeals has the inherent authority to assert continuing jurisdiction to enforce its mandate. See K.S.A. 60-2106(c). We will not be diverted from this responsibility by an amorphous argument that the unauthorized action of the trial court may circumvent the mandate that has been issued. Such a result would lay waste to the law of the case doctrine as hereafter explained.

The trial court's jurisdiction upon remand is limited to compliance with the mandate from the Court of Appeals in *Downey*. The trial court must proceed in accordance with the mandate and the law of the case as established on appeal. *State v. Collier*, 263 Kan.

629, Syl. ¶ 4, 952 P.2d 1326 (1998). The mandate compelled the trial court to resentence Downey; nothing more, nothing less.

Other states have consistently limited a trial court's jurisdiction upon remand. In *Lynch v. State*, 587 So. 2d 306, 307 (Ala. 1991), the Alabama Supreme Court remanded a conviction of second-degree robbery to the Court of Criminal Appeals. The Court of Criminal Appeals then reversed the conviction and remanded for new trial based on a different issue. The Supreme Court found the Court of Appeals' reversal went beyond the mandate of the remand order. The Supreme Court held the trial court's duty is to comply with the appellate mandate, carrying out its intent and meaning as determined by the directions of the reviewing court. On remand, a lower court is not free to address issues other than those identified in the remand order. 587 So. 2d at 307-08.

In *State v. Ballom*, 678 So. 2d 53, 54 (La. App. 1996), the Court of Appeals vacated a sentence and remanded for resentencing. The defendant then requested a motion for new trial, which the trial court granted. Upon an appeal by the State, the Court of Appeals found the trial court had failed to comply with the mandate requiring resentencing and reversed the new trial. 678 So. 2d. at 55.

In *State v. Jefferson*, 31 S.W.3d 558, 559 (Tenn. 2000), the Court of Appeals affirmed a conviction but remanded the matter for resentencing. On remand, the defendant requested a motion for a new trial, which was denied, and the defendant appealed. The Tennessee Supreme Court found the remand order was issued in error because the Court of Appeals should have found the jury was instructed pursuant to a statute already found unconstitutional and should have remanded for a new trial. 31 S.W.3d at 561. The Supreme Court determined, however, that the trial court was bound by the doctrine of the law of the case and was limited to the sole issue of resentencing. 31 S.W.3d at 560. The court acknowledged that the law of the case does not govern if it results in manifest injustice. 31 S.W.3d at 561. The court examined the record to conclude the evidence overwhelmingly supported the conviction, and manifest injustice did not exist to defeat the doctrine of the law of the case. 31 S.W.3d at 562.

We recognize that if applying the law of the case doctrine results in manifest injustice, a court may depart from a previous holding. See *State v. Collier*, 263 Kan. 629, Syl. ¶ 3. Downey argues that the law of the case results in manifest injustice and the extraordinary relief of a new trial was, therefore, appropriate. This is a circular argument. We have already explained that there were no material facts presented to the trial court upon remand that were not fully considered on direct appeal. The *Downey* panel tacitly concluded that, notwithstanding the agreement between the parties, the contemporaneous objection rule was applicable and failure to interpose a timely objection to admissibility of the evidence precluded appellate review. 27 Kan. App. 2d at 361. Consequently, the trial court's order was wholly inconsistent with the findings and conclusions of the Court of Appeals. Additionally, the trial court's order granting a new trial defies proportionality. The wrong sought to be addressed was denial of appellate review of suppression orders; the trial court's remedy would be to set aside Downey's convictions notwithstanding the trial court's explicit finding that the suppression orders were correct. We conclude the law of the case doctrine precludes the action taken by the trial court.

We have considered all of the other claims and arguments advanced by Downey and conclude each is without legal merit. Our decision does not mean Downey is left without an appropriate remedy. See K.S.A. 60-1507.

Reversed and remanded with directions for resentencing pursuant to the previous mandate of this court.