(130 P.3d 1198)

No. 93,260

STATE OF KANSAS, *Appellee*, v. MAURICE MILES, *Appellant*.

Opinion filed October 7, 2005.

*Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*Thomas R. Stanton*, deputy district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., GREENE, J., and BRAZIL, S.J.

RULON, C.J.: Defendant Maurice Miles appeals the sentence imposed for his conviction for conspiracy to manufacture methamphetamine, arguing the conduct proscribed by K.S.A. 65-4159(a) is identical to the conduct proscribed by K.S.A. 65-4152(a)(3). Under the reasoning of *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), the defendant contends he should have been sentenced to the lesser of the penalties prescribed by the two statutes, a severity level 4 offense. We affirm.

The State charged the defendant with manufacture of methamphetamine, in violation of K.S.A. 65-4159(a), or in the alternative, attempted manufacture of methamphetamine, in violation of K.S.A. 21-3301 and K.S.A. 65-4159(a); unlawful possession of ephedrine or pseudoephedrine, in violation of K.S.A. 2001 Supp. 65-7006(a); and possession of drug-manufacturing paraphernalia, in violation of K.S.A. 65-4152(a)(3).

Pursuant to plea negotiations, the defendant entered a plea of nolo contendere to the charge of conspiracy to manufacture methamphetamine. In exchange, the State dismissed the remaining counts. Consistent with the holding of *McAdam*, the district court sentenced the defendant to 26 months based upon a severity level 3 drug felony conviction. The sentence was ordered to run consecutive to a Missouri sentence.

The defendant contends the district court should have sentenced him for a severity level 4 drug felony because some of the conduct proscribed in K.S.A. 65-4152(a)(3) is identical to the conduct proscribed by K.S.A. 65-4159(a). Where two statutes with differing penalties proscribe identical conduct, a criminal defendant may be sentenced only to the lesser of the two penalties. See *McAdam*, 277 Kan. at 145-46.

Despite the defendant's failure to raise this issue before the district court, this court possesses jurisdiction to review this sentencing claim on a direct sentencing appeal. See *State v. Barnes*, 278 Kan. 121, 123-24, 92 P.3d 578 (2004). The issue raised in this appeal requires this court to construe the pertinent statutes, which is a question of law subject to unlimited review. See *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

K.S.A. 65-4159(a) provides: "Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture any controlled substance or controlled substance analog." Methamphetamine is a controlled substance within the meaning of the statute. See K.S.A. 65-4150(a) and K.S.A. 65-4107(d)(3).

K.S.A. 65-4152(a)(3) states: "No person shall use or possess with intent to use: . . . any drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce,

process, prepare, test, analyze, pack, repack, sell or distribute a controlled substance in violation of the uniform controlled substances act."

"Drug paraphernalia" is statutorily defined as

"all equipment, products and materials of any kind which are used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of the uniform controlled substances act." K.S.A. 65-4150(c).

K.S.A. 65-4150(c) then proceeds to list some examples of drug paraphernalia.

The fundamental rule of statutory interpretation is that the intent of the legislature, where ascertainable, governs. *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005). If the language of the statute is unambiguous, the intent of the legislature is presumably effected therein, and the appellate court need not resort to legislative history or rules of construction. See *State v. Campbell*, 279 Kan. 1, 6, 106 P.3d 1129 (2005).

In *Campbell*, our Supreme Court considered the similar question of whether K.S.A. 65-4152(a)(3) and K.S.A. 65-7006(a) proscribed identical conduct. The statutory definitions were important to the *Campbell* court's determination that the statutes prohibited overlapping conduct which was at issue in the case. See *Campbell*, 279 Kan. at 16.

"The conduct prohibited by K.S.A. 65-7006(a) is a defendant's act of knowingly possessing ephedrine or pseudoephedrine with the intent to use the product to manufacture a controlled substance. The conduct prohibited by K.S.A. 65-4152(a)(3) is a defendant's act of knowingly possessing drug paraphernalia with the intent to use it to manufacture a controlled substance. The definition of drug paraphernalia in K.S.A. 65-4150(c) includes 'products and materials of any kind' which are intended for use in manufacturing a controlled substance. Thus, the conduct prohibited by K.S.A. 65-4152(a)(3) may include a defendant's act of knowingly possessing a product with the intent to use it to manufacture a controlled substance. Ephedrine and pseudoephedrine are products used in the manufacture of a controlled substance, methamphetamine. Indeed, in K.S.A. 65-7006(a) the legislature used the term 'product' as a synonym for ephedrine or pseudoephedrine. In the circumstances of this case, the elements of the offense

were knowingly possessing ephedrine or pseudoephedrine with the intent to use it to manufacture a controlled substance. *The elements were the same whether Campbell had been charged under the ephedrine statute or the drug paraphernalia statute.* Consequently, he must be sentenced under the lesser penalty provisions for violation of 65-4152(a)(3)." (Emphasis added.) *Campbell*, 279 Kan. at 16-17.

The defendant invites us to construe the act of manufacturing methamphetamine as encompassing the use of drug paraphernalia to manufacture methamphetamine. From a practical standpoint, the defendant's argument holds some validity. Due to the broad definition of drug paraphernalia provided by statute, it would be impossible to manufacture any controlled substance without drug paraphernalia. Consequently, any attempt to convict a defendant of manufacture of methamphetamine (or attempted manufacture of methamphetamine) under K.S.A. 65-4159(a) and *use* of drug paraphernalia to manufacture methamphetamine under K.S.A. 65-4152(a)(3), based upon the same evidence, might raise a multiplicity conflict. This is not the issue before this court.

For purposes of identifying identical proscribed conduct under different statutes, however, the test is not whether proving one offense necessarily proves the other but whether the same conduct, as defined by the elements contained within each statute, is proscribed.

K.S.A. 65-4152(a)(3) possesses a crucial element which differs from the elements for manufacturing methamphetamine under K.S.A. 65-4159(a): physical control of drug paraphernalia. While drug paraphernalia is a factual prerequisite to the manufacture of methamphetamine, it is not a legal prerequisite. Consequently, based upon the plain language contained in the two statutes, we are convinced the legislature intended to criminalize two different acts. Under K.S.A. 65-4159(a), the legislature intended to criminalize the act of producing a controlled substance; under K.S.A. 65-4152(a)(3), the legislature intended to criminalize the possession, collection, or application of noncontrolled substances or products with the intent to produce a controlled substance.

As the statutes proscribe different conduct, even though the conduct is inextricably connected, the rule of *McAdam* does not require resentencing of the defendant.

Affirmed.