No. 94,621

STATE OF KANSAS, *Appellee*, v. JAMES C. FANNING, *Appellant*.

(135 P.3d 1067)

Opinion filed June 9, 2006.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, argued the cause, and *Brent Getty*, of same office, was on the brief for appellant.

*Brian S. Carroll*, county attorney, argued the cause, and *Phill Kline*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: James C. Fanning appeals his sentence for one count of attempt to manufacture methamphetamine, claiming that attempt to manufacture methamphetamine is the same offense as possession of drug paraphernalia with the intent to manufacture. Fanning asserts that the district court should have sentenced him for a severity level 4 drug felony pursuant to K.S.A. 65-4152(a)(3) rather than a severity level 1 drug felony pursuant to K.S.A. 65-4159.

Fanning was arrested after an employee at the Valley Vet store in Marysville contacted the Marshall County Sheriff's Department

to report the sale of 4 gallons of tincture of iodine. The Valley Vet employee advised the sheriff that the purchasers were in a vehicle with Oklahoma tags and had gone across the road to Wal-Mart.

Sheriff Kenneth L. Coggins responded to the Wal-Mart parking lot to observe Fanning and his companions. Sheriff Coggins observed two men return to the vehicle carrying 1 gallon of acetone and 2 gallons of Coleman fuel. Recognizing these items as common substances used for manufacturing methamphetamine, Sheriff Coggins stopped the vehicle as it was leaving the Wal-Mart parking lot. While searching the vehicle, Sheriff Coggins discovered 4 gallons of Coleman fuel; 2 gallons of acetone; a yellow, metal, pressurized container with tubing; 4 gallons of iodine; and a sealing machine for plastic bags.

After their arrest, one of Fanning's companions admitted to Sheriff Coggins that they were planning to use the products found in the vehicle to manufacture methamphetamine. Fanning was charged with one count of attempt to manufacture methamphetamine, one count of conspiracy to manufacture methamphetamine, and one count of possession of drug paraphernalia with the intent to manufacture methamphetamine. After plea negotiations, Fanning agreed to plead nolo contendere to one count of attempted manufacture of methamphetamine. In exchange for Fanning's plea, the State agreed to dismiss the remaining counts and acquiesce to Fanning's motion for a downward durational departure sentence of 48 months.

The district court found Fanning guilty of attempted manufacture of methamphetamine in violation of K.S.A. 65-4159 and K.S.A. 21-3301(a). Noting that Fanning had a criminal history score of G, the district court determined that Fanning's presumptive sentence was 146 to 162 months. Fanning moved for a downward durational departure to 48 months. In accordance with the plea agreement, the State did not object, and the court granted the departure.

Fanning filed a timely notice of appeal to the Court of Appeals. We transferred the case from the Court of Appeals on our own motion pursuant to K.S.A. 20-3018(c).

Although he did not object when the district court sentenced him, Fanning now claims that the district court improperly sentenced him for a severity level 1 drug felony rather than a severity level 4 drug felony. Before addressing the merits of Fanning's claim, we first note that appellate courts do not generally address new issues on appeal. However, K.S.A. 21-4721(e)(3) gives appellate courts jurisdiction to review a claim that the sentencing court erred in ranking the crime severity level, so we will address Fanning's claim. See *State v. Stevens*, 278 Kan. 441, 454, 101 P.3d 1190 (2004); *State v. Barnes*, 278 Kan. 121, 124, 92 P.3d 578 (2004).

Fanning claims that K.S.A. 65-4152(a)(3), possession of drug paraphernalia with intent to manufacture—a severity level 4 drug felony, is identical to K.S.A. 65-4159, attempted manufacture of methamphetamine—a severity level 1 drug felony. As a result, Fanning claims he must be resentenced for a severity level 4 drug felony rather than a severity level 1 drug felony. Although the district court granted Fanning a significant downward durational departure from a minimum of 146 months to 48 months, we note that Fanning's sentence would change significantly if he had been sentenced to a severity level 4 drug offense. If Fanning had been sentenced to a severity level 4 offense, his sentence would have been presumptive probation for 14-16 months. See K.S.A. 2005 Supp. 21-4705.

Resolving this issue requires us to interpret K.S.A. 65-4159 and K.S.A. 65-4152(a)(3). The interpretation of a statute is a question of law subject to unlimited review. *State v. McAdam*, 277 Kan. 136, 144, 83 P.3d 161 (2004). The fundamental rule for statutory construction is that the intent of the legislature controls if it can be ascertained. When a statute is plain and unambiguous, we must give effect to the legislature's intent as expressed by the language in the statutory scheme rather than determine what the law should or should not be. *State v. Walker*, 280 Kan. 513, 522, 124 P.3d 39 (2005).

## ANALYSIS

K.S.A. 65-4159 provides:

"(a) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture any controlled substance or controlled substance analog.

"(b) Any person violating the provision of this section with respect to the unlawful manufacturing or attempting to unlawfully manufacture any controlled substance or controlled substance analog, upon conviction, is guilty of a drug severity level 1 felony and the sentence for which shall not be subject to statutory provisions for suspended sentence, community work service, or probation.

"(c) The provisions of subsection (d) of K.S.A. 21-3301 and amendments thereto [reducing the sentence for the underlying or completed crime by 6 months], shall not apply to a violation of attempting to unlawfully manufacture any controlled substance pursuant to this section."

K.S.A. 21-3301(a) provides: "An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime."

Based on K.S.A. 65-4159 and K.S.A. 22-3301(a), a conviction for attempted manufacture of methamphetamine requires the State to prove that the defendant (1) performed an overt act toward manufacturing methamphetamine, (2) did so with the intent to manufacture methamphetamine, and (3) failed to perpetrate the crime or was prevented or intercepted in the execution of the crime. See *State v. Martens*, 274 Kan. 459, 466, 54 P.3d 960 (2002).

K.S.A. 65-4152 provides:

"(a) No person shall use or possess with intent to use:

. . . .

(3) any drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, sell or distribute a controlled substance in violation of the uniform controlled substances act;

. . . .

"(c) Violation of subsection (a)(3), other than as described in paragraph (d), or subsection (a)(4) is a drug severity level 4 felony."

Based on K.S.A. 65-4152(a)(3), a conviction for possessing drug paraphernalia with the intent to manufacture a controlled substance requires the State to prove that the defendant knowingly possessed drug paraphernalia with the intent to manufacture, produce, or process a controlled substance. See *State v. Patten*, 280 Kan. 385, 391, 122 P.3d 350 (2005). The statutory definition for

drug paraphernalia includes products of any kind used or intended to be used for manufacturing a controlled substance. K.S.A. 65-4150(c).

In *McAdam*, the defendant claimed that he had been illegally sentenced for conspiracy to manufacture methamphetamine in violation of K.S.A. 65-4159(a), a drug severity level 1 felony, rather than in violation of K.S.A. 65-4161(a), a drug severity level 3 felony. K.S.A. 65-4159(a) proscribes manufacturing methamphetamine, while K.S.A. 65-4161(a) proscribes compounding methamphetamine. Concluding that manufacturing methamphetamine is the same as compounding methamphetamine, the *McAdam* court held that the statutes contained identical elements. 277 Kan. at 144-45. The *McAdam* court then applied the rule from *State v. Nunn*, 244 Kan. 207, 229, 768 P.2d 268 (1989), which provides that " '[w]here two criminal offenses have identical elements but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime may be sentenced only under the lesser penalty provision.' " 277 Kan. at 144, 145. Vacating McAdam's sentence for a drug severity level 1 felony, the *McAdam* court remanded the matter for resentencing as a drug severity level 3 felony. 277 Kan. at 146-47.

Although *McAdam* is not directly on point with this case, the *McAdam* court's analysis of whether the statutory provisions were identical is instructive. To determine whether K.S.A. 65-4159(a) and K.S.A. 65-4161(a) were identical, the *McAdam* court considered the elements of the statutes in relation to the facts of the case. Because McAdam's crime involved manufacturing methamphetamine under K.S.A. 65-4159(a), which is the same thing as compounding methamphetamine under K.S.A. 65-4161(a), the court found the elements identical. The *McAdam* court noted that if McAdam had violated K.S.A. 65-4161(a) by selling opium, K.S.A. 65-4159(a) would not be implicated. 277 Kan. at 146. Thus, the determination of whether the offenses were identical turned on the facts of the case as they related to the statutory elements rather than just the statutory elements.

In *State v. Campbell*, 279 Kan. 1, 16, 106 P.3d 1129 (2005), this court applied the *McAdam* analysis to conclude that possession of

drug paraphernalia with the intent to manufacture methampheta-mine pursuant to K.S.A. 65-4152(a)(3) was identical to possession of ephedrine or pseudoephedrine with the intent to produce a controlled substance pursuant to K.S.A. 65-7006(a). The *Campbell* court stated:

"In the circumstances of this case, the elements of the offense were knowingly possessing ephedrine or pseudoephedrine with the intent to use it to manufacture a controlled substance. The elements were the same whether Campbell had been charged under the ephedrine statute or the drug paraphernalia statute." 279 Kan. at 16.

In *Patten*, we concluded that the crimes of possession of drug paraphernalia with the intent to manufacture pursuant to K.S.A. 65-4152(a)(3) and attempted manufacture of methamphetamine pursuant to K.S.A. 65-4159 and K.S.A. 21-3301 are not identical. 280 Kan. at 391. Patten, who had been charged with both crimes, claimed that his convictions were multiplicitous in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We affirmed Patten's convictions for both crimes based on his possession of "Coleman fuel, acetone, muriatic acid, and drain opener, boxes of kitchen matches, a bag of Ice Melt, a box of decongestant caplets, coffee filters, propane containers, an assortment of glass and plastic containers—some with residue in them, glass and plastic containers in the door racks of a refrig-erator, and two plastic soda bottles, one with tubing inserted through the cap." 280 Kan. at 392-93.

In *Patten*, we relied on the strict elements test, considering only the statutory elements of the offenses without considering the fac-tual circumstances of the case. 280 Kan. at 391, 393. However, we noted that the crimes would have been multiplicitous if we had considered the factual circumstances of Patten's convictions, stat-ing:

"[T]he State's proof of possession of drug paraphernalia with intent to use it to manufacture methamphetamine also proves in part the manufacture of meth-amphetamine. The possession offense does not require proof of a fact not nec-essary, in the circumstances, to prove the manufacturing offense, and all facts proved for possession of drug paraphernalia are identical to some of the facts proved for manufacture of methamphetamine." 280 Kan. at 393.

At this point, we believe it is necessary to pause in our analysis and distinguish *McAdam* and *Campbell* from *Patten*, and *State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006). In *Schoonover* and *Patten*, we limited the analysis to a comparison of the statutory elements to determine whether the offenses are identical, rejecting an analysis that considers the underlying facts as they relate to the statutory elements of the case. In *McAdam* and *Campbell*, on the other hand, we considered the underlying facts rather than just the elements of the offense to determine whether the offenses are identical.

To distinguish between the analytical approach used in these cases, it is important to note that *McAdam* and *Campbell* involved a sentencing issue, while *Schoonover* and *Patten* involved a multiplicity issue. McAdam and Campbell challenged their sentences, not the underlying convictions. Schoonover and Patten challenged their convictions. Because of this distinction in issues, we are not required to apply the same analytical framework to both types of cases. This case involves a sentencing issue similar to that in *McAdam* and *Campbell*; thus, we will apply the analysis from those cases rather than the analysis in *Schoonover* and *Patten*.

Applying the statutory elements of attempted manufacture of methamphetamine to the facts of this case, the State was required to prove that Fanning:

1. Possessed products used for manufacturing methamphetamine (the overt act);

2. Possessed the products with the intent to manufacture methamphetamine; and

3. Was prevented or intercepted in actually manufacturing methamphetamine.

Applying the statutory elements for possession of drug paraphernalia with the intent to manufacture methamphetamine to the facts of this case, the State was required to prove that Fanning:

1. Possessed products used for manufacturing methamphetamine; and

2. Possessed the products with the intent to manufacture methamphetamine.

Although the elements are nearly identical, they are not completely identical. Attempted manufacture of methamphetamine requires an additional element not found in possession of drug paraphernalia. Consequently, the two crimes are not identical under the rules applied in both *McAdam* and *Campbell*, which required the elements proven to be exactly the same under each statute.

The Court of Appeals reached the same result in *State v. Miles*, 35 Kan. App. 2d 211, 130 P.3d 1198 (2005), *rev. denied* 280 Kan. (2006). In *Miles*, the defendant pled nolo contendere to a charge of conspiracy to manufacture methamphetamine, and the State dismissed charges of manufacturing methamphetamine or attempting to manufacture methamphetamine, possession of ephedrine or pseudoephedrine, and possession of drug paraphernalia with the intent to manufacture methamphetamine. Miles argued that he should have been sentenced to a severity level 4 drug felony pursuant to K.S.A. 65-4152(a)(3) and (c) because some of the conduct proscribed by K.S.A. 65-4152(a)(3) was identical to the conduct proscribed by K.S.A. 65-4159(a). The *Miles* court acknowledged that Miles' argument had some validity because the broad definition of drug paraphernalia makes it impossible to manufacture any controlled substance without drug paraphernalia. Nevertheless, the *Miles* court rejected the argument, stating that the statutes do not proscribe the same conduct. 35 Kan. App. 2d at 215. Without considering the factual circumstances of the case in relation to the elements of the offenses like the *McAdam* and *Campbell* courts, the *Miles* court concluded that K.S.A. 65-4152(a)(3) and K.S.A. 65-4159 are not identical. 35 Kan. App. 2d at 214.

We have reached the same result in this case using the *McAdam* and *Campbell* analysis. When determining whether offenses are identical for sentencing purposes, we conclude that the analysis should follow *McAdam* and *Campbell* in considering the underlying facts in relation to the statutory elements to determine whether the offenses are identical.

At oral argument and in his notice of additional case authority, Fanning argued that the term "use" in K.S.A. 65-4152(a)(2) is equivalent to the term "manufacture" in K.S.A. 65-4159. However,

the record does not support Fanning's argument that he *used* drug paraphernalia to attempt to manufacture methamphetamine. The evidence in this case merely establishes possession of drug paraphernalia. There are no facts to establish that Fanning actually used the paraphernalia for any reason.

Limiting our analysis to *McAdam* and *Campbell* and the facts as supported by the record in relation the statutory elements of these crimes, we hold that the offense of attempted manufacture of methamphetamine is not identical to the offense of possession of drug paraphernalia with the intent to manufacture methamphetamine. Accordingly, we affirm Fanning's sentence.

Affirmed.