No. 95,633

STATE OF KANSAS, *Appellee*, v. JEFFREY WAYNE COOPER, *Appellant.*
(179 P.3d 439)

Opinion filed March 28, 2008.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause and was on the brief for the appellant.

*Thomas R. Stanton*, special assistant attorney general, appeared, no brief on file; request for oral argument denied.

The opinion of the court was delivered by

ROSEN, J.: This case comes before the court on Jeffrey Wayne Cooper's petition for review. Cooper asks us to reverse the decision of the Court of Appeals, which affirmed his sentence for one count of manufacturing methamphetamine.

Cooper was charged with five felonies relating to manufacturing, possessing, and conspiring to manufacture and possess methamphetamine. Cooper pled guilty to one count of manufacturing

methamphetamine, in exchange for the dismissal of the four remaining felony counts. In order to provide a factual basis for Cooper's plea, the State proffered evidence that law enforcement officers had discovered in Cooper's possession empty blister packs of ephedrine products, an empty coffee filter with methamphetamine residue, and a half-gallon container with approximately 3 inches of fluid that smelled strongly of starting fluid. Based on these proffered facts, the district court accepted Cooper's plea and convicted him of manufacturing methamphetamine.

Pursuant to *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), the district court sentenced Cooper as though he had been convicted of a severity level 3 drug felony, imposing a 22-month prison sentence. Cooper appealed his sentence to the Court of Appeals, arguing that he should have been sentenced for a level 4 drug felony. The Court of Appeals affirmed Cooper's sentence. *State v. Cooper*, No. 95,633, unpublished opinion filed November 9, 2006. We granted Cooper's petition for review. The record showed the State received timely notice of our granting a hearing on the matter. The State's untimely request to file its brief the day before oral argument was denied.

## ANALYSIS

Cooper pled guilty to manufacturing methamphetamine in violation of K.S.A. 65-4159(a). Pursuant to K.S.A. 65-4159(b), the crime of manufacturing methamphetamine is a severity level 1 drug felony. The district court nevertheless sentenced Cooper for a severity level 3 drug felony based on *State v. McAdam*, 277 Kan. at 146. The *McAdam* court held that manufacturing methamphetamine in violation of K.S.A. 65-4159(a) was identical to compounding a stimulant in violation of K.S.A. 65-4161(a), a level 3 drug felony. Because the offenses were identical, McAdam could be sentenced only under the lesser penalty. 277 Kan. at 145-46.

Even though the district court sentenced him for a level 3 drug felony in accordance with *McAdam*, Cooper contends that the district court should have sentenced him for a level 4 drug felony. Cooper argues that manufacturing methamphetamine in violation of K.S.A. 65-4159(a), a level 1 drug felony, is identical to using

drug paraphernalia to manufacture methamphetamine in violation of K.S.A. 65-4152(a)(3), a level 4 drug felony. Cooper argues that the elements are identical and the court was required to sentence him for the lesser penalty.

Cooper's argument requires us to interpret the relevant statutes. Interpretation of a statute is a question of law subject to unlimited review. *State v. Fanning*, 281 Kan. 1176, 1178, 135 P.3d 1067 (2006).

"The fundamental rule for statutory construction is that the intent of the legislature controls if it can be ascertained. When a statute is plain and unambiguous, we must give effect to the legislature's intent as expressed by the language in the statutory scheme rather than determine what the law should or should not be." 281 Kan. at 1178.

Offenses are identical when they have the same elements. *Fanning*, 281 Kan. at 1180. In order to determine whether the elements are identical for sentencing purposes, an appellate court must consider the statutory elements in conjunction with the underlying facts. *Fanning*, 281 Kan. at 1182-83; *McAdam*, 277 Kan. at 146.

K.S.A. 65-4152(a)(3), defining the crime of using drug paraphernalia, provides:

"(a) No person shall use or possess with intent to use:

. . . .

(3) any drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, sell or distribute a controlled substance in violation of the uniform controlled substances act."

K.S.A. 65-4159(a), setting out the crime of unlawfully manufacturing a controlled substance, provides:

"(a) . . . [I]t shall be unlawful for any person to manufacture any controlled substance or controlled substance analog."

The governing principle of the identical offense doctrine is: "Where two criminal offenses *have identical elements* but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime may be sentenced only under the lesser

penalty provision." (Emphasis added.) *State v. Nunn*, 244 Kan. 207, 229, 768 P.2d 268 (1989).

The two statutes at issue—K.S.A. 65-4159(a) and K.S.A. 65-4152(a)(3)—do not have identical elements. Nothing in K.S.A. 65-4159(a) requires the State to prove that a defendant used paraphernalia to manufacture methamphetamine. Although, as a factual matter, paraphernalia must have been used to manufacture methamphetamine, the State is not required to prove this fact. For example, the State could present a witness who would testify, "I watched the defendant manufacture methamphetamine." A defendant might also confess, "I manufactured methamphetamine." In either such case, the State would have established a prima facie case and would not be required to prove how that manufacturing occurred or that any paraphernalia was used in the process. Even if the evidence described the scientific process and circumstantially established that paraphernalia had been used in the process, the jury would not be instructed that it must find beyond a reasonable doubt that the defendant possessed paraphernalia for the purpose of manufacturing the methamphetamine.

When two statutes contain overlapping provisions, this court must examine the facts in order to determine the area of overlap. Once it is determined which provisions of a statute apply, the only question is whether the overlapping provisions contain identical elements. That determination is made from the statute. See *State v. Campbell*, 279 Kan. 1, 106 P.3d 1129 (2005).

An issue similar to that presented in the instant case arose in *State v. Stevens*, 278 Kan. 441, 101 P.3d 1190 (2004). Noting that *McAdam* controlled the question, this court explained:

"The elements of 65-4159(a) and 65-4161(a) are not necessarily identical. For example, the elements of a violation of 65-4161(a) could be that the defendant sold opium. The elements were identical, however, as applied to the circumstances in *McAdam*. In the present case, as in *McAdam*, the manufacture of methamphetamine was the objective, and an overt act was committed toward that end. The elements of 65-4159(a) and 65-4161(a) are identical in the circumstances of this case. For this reason and in accord with the reasoning and result of *McAdam*, Stevens may be sentenced only under the lesser penalty provision of K.S.A. 65-4161(a)." 278 Kan. at 456.

In *Fanning*, 281 Kan. 1176, we considered whether the identical offense doctrine applied to the offenses of attempted manufacture of methamphetamine and possession of drug paraphernalia with the intent to manufacture methamphetamine. We concluded the doctrine did not apply, stating:

"Although the elements are nearly identical, they are not completely identical. Attempted manufacture of methamphetamine requires an additional element not found in possession of drug paraphernalia. Consequently, the two crimes are not identical under the rules applied in both *McAdam* and *Campbell*, which required the elements proven to be exactly the same under each statute." 281 Kan. at 1183.

This holding and analysis is consistent with our prior decisions. It is also consistent with the two policy considerations that underlie the identical offense doctrine. These are: (1) it is difficult to discern legislative intent regarding the level of punishment when two statutes that proscribe the same conduct have identical elements but differing sentencing provisions (see *Campbell*, 279 Kan. at 16); and (2) identical crimes with differing penalties make the " 'the decision as to which penalty to seek . . . a matter of prosecutorial whimsy in charging.' " *Nunn*, 244 Kan. at 229 (quoting *State v. Clements*, 241 Kan. 77, 83, 734 P.2d 1096 [1987)]).

Those concerns do not apply to the present case. The legislature has designed statutes that more severely punish someone who manufactures methamphetamine and that also allow an additional, but less severe, punishment because the person possesses drug paraphernalia used to manufacture methamphetamine. The possibility of cumulative punishments for the same conduct is a policy decision for the legislature that should not be undercut by this court. Moreover, the legislative intent directs the discretion of the prosecutor. While the prosecutor may choose to charge an accused under both statutes, that decision would be based on evidence that there was a manufacture and that the accused possessed paraphernalia. See *State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006) (constitution allows multiple punishments for same conduct if convicted of crimes with different elements).

The decision of the Court of Appeals affirming the district court is affirmed. The decision of the district court is affirmed.

DAVIS and JOHNSON, JJ., not participating.

GREENE, J., and LARSON, S.J., assigned.