NOT DESIGNATED FOR PUBLICATION

No. 114,473

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE MONTANEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 24, 2017. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER and LEBEN, JJ.

*Per Curiam*:  In this appeal, we recognize that an intervening change of the law can be an exception to both the law of the case doctrine and the mandate rule. Therefore, because the law concerning how out-of-state convictions are scored when determining criminal histories changed after we remanded this case for a new sentence, we hold the sentencing court did not err when it ruled that Jesse Montanez' criminal history remained an A and not a B as we had previously ruled. We affirm.

1

*We give a brief case history.*

For his burglary and misdemeanor theft crimes, the court sentenced Montanez using a criminal history score of A based, in part, on the classification of his 1982 Illinois convictions for armed robbery and aggravated battery as person felonies. He successfully appealed his sentence to this court, and we vacated his felony sentence and remanded for resentencing with directions to reclassify those two convictions as nonperson offenses for criminal history purposes in accordance with the ruling in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). We ruled that his criminal history should be B and not A. *State v. Montanez*, 111,149, 2015 WL 2342382, *4-5 (Kan. App. 2015) (unpublished opinion).

The State did not appeal, and a mandate was issued. On remand, the district court declined the mandate to apply *Murdock*, citing House Bill 2053, (sometimes referred to as the *Murdock*-fix) and reimposed the original felony sentence. And, as noted in the citation, the holding in *Murdock* has been gutted by the Supreme Court in *Keel*.

Montanez appealed and contends that our prior ruling is the law of the case and the district court cannot ignore it. Further, under the mandate rule the district court had no option other than to follow the directives found in the mandate. The State argues to the contrary. We look first at the law of the case rule.

*Was the district court bound by our ruling under the law of the case doctrine?*

This rule can be simply stated. When a second appeal is brought to an appellate court in the same case, the first decision is the settled law of the case on all questions involved in the first appeal, and reconsideration will not normally be given to such questions. See *State v. Collier*, 263 Kan. 629, Syl. ¶ 3, 952 P.2d 1326 (1998).

> "The doctrine of law of the case rule is not an inexorable command, or a constitutional requirement, but is, rather, a discretionary policy which expresses the practice of the courts generally to refuse to reopen a matter already decided, without limiting their power to do so. This rule of practice promotes the finality and efficiency of the judicial process. The law of the case is applied to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts." *Collier*, 263 Kan. 629, Syl. ¶ 2.

The law of the case doctrine shares some of the same goals as res judicata but operates within the life of a single case rather than across successive cases. *State v. West*, 46 Kan. App. 2d 732, 281 P.3d 529 (2011).

But we cannot view the rule as hard and fast. The law of the case rule is not so inflexible as to require a court to blindly apply a ruling that is clearly erroneous or would cause manifest injustice. *Collier*, 263 Kan. at 632-33. The law of the case doctrine has been sparingly applied by our Supreme Court. See *Venters v. Sellers*, 293 Kan. 87, 100, 261 P.3d 538 (2011). We do not view justice being served if we ignore the changes in the law that have occurred since we made our initial ruling about how the old convictions should be scored. We move on to the mandate rule.

*Did the mandate rule bind the district court?*

The law of the case rule functions in tandem with the mandate rule. Simply put, under the mandate rule, an appellate court mandate along with its accompanying opinion become part of the judgment of the court if it is determinative of the action or controls any further proceedings necessary in the district court. K.S.A. 60-2106(c).

> "It is axiomatic that on remand for further proceedings after a decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case

3

as established on appeal. A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Collier*, 263 Kan. 629, Syl. ¶ 4.

Ordinarily, a trial court's jurisdiction on remand is limited to compliance with the appellate court's mandate. *State v. Downey*, 29 Kan. App. 2d 467, Syl. ¶ 2, 470-71, 27 P.3d 939, *rev. denied* 272 Kan. 1421 (2001).

We note the Tenth Circuit Court of Appeals recognizes an exception to both the law of the case and the mandate rules when there has been an intervening change of applicable law by a controlling authority. In *Grigsby v. Barnhart*, 294 F.3d 1215, 1218-19 (10th Cir. 2002), the court held that intervening clarifying legislation justified a court's reconsideration of remand instructions.

In this case, the district court relied upon an intervening change in the statute as the reason for not following our mandate. The court expressly relied upon H.B. 2053 (the *Murdock*-fix) as its authority to resentence Montanez with an A criminal history instead of a B criminal history as we had ruled. A change in the law should never be ignored by a court. Complicating the matter further is the intervening change in caselaw.

*What is the effect of the reversal of* Murdock*?*

*Murdock* was overruled by *Keel*, 302 Kan. at 589-90. *Keel* interprets the Kansas Sentencing Guideline Act, K.S.A. 21-4701 *et seq*., which was the controlling law at all relevant times in this case.

Under *Keel*, when designating a pre-Kansas Sentencing Guideline Act conviction as a person or nonperson crime in the criminal history, the court must consider how the crime would have been classified based on the classification in effect for the comparable

4

Kansas offense at the time the *current* crime of conviction was committed. 302 Kan. at 589-90. Montanez' current offenses were committed in March 2011. In March 2011, aggravated battery was a person felony under K.S.A. 21-3414(b). Armed robbery, or aggravated robbery in Kansas, was also a person felony under K.S.A. 21-3427. Under *Keel*, Montanez was correctly sentenced.

There are two cases that, on the surface, seem to compel us to uphold the law of the case doctrine and the mandate rule—*State v. Collier,* 263 Kan. 629, and *State v. Merz*, No. 100,573, 2010 WL 653094 (Kan. App.) *rev. denied* 290 Kan. 1100 (2010). Both cases are distinguishable from this one.

In *Merz*, a panel of this court applied the law of the case doctrine. In Merz' first appeal, the Court of Appeals had ruled that manufacturing methamphetamine was identical to using drug paraphernalia for manufacturing methamphetamine. 2010 WL 653094, at *5. The matter was remanded, and Merz was resentenced accordingly. In the second appeal, the panel ruled that the law of the case doctrine controlled and, thus, did not modify Merz' sentence because his first case was final and his petition for review had been denied well before the Supreme Court held in *State v. Cooper*, 285 Kan. 964, 966-68, 179 P.3d 439 (2008), that the two crimes were not identical offenses for sentencing purposes. 2010 WL 653094, at *6.

In contrast to *Merz*, the fundamental change in the law in this case came down within 1 year. The need to protect against the "indefinite relitigation of the same issue," that the *Merz* panel worried about is not present here. In addition, the *Merz* panel recognized that under the law of the case doctrine, an issue can be reconsidered if "it is clearly erroneous." 2010 WL 653094, at *6 (citing *Collier*, 263 Kan. 629, Syl. ¶ 2). This ruling would be clearly erroneous if we applied the law of the case doctrine.

5

Before *Merz*, the Supreme Court in *Collier* vacated Collier's hard-40 sentence for his first-degree murder conviction because the record did not reflect the mandatory notice that the State would seek a hard-40 sentence was properly filed with the court as required by statute. On remand, the district court allowed the State to present testimony that the notice was properly filed. The trial court then reimposed the hard-40 sentence. On appeal, the Supreme Court applied the law of the case and mandate rules and again instructed the trial court to resentence Collier to the lesser allowed sentence. 263 Kan. at 631-37.

We find *Collier* inapplicable. Obviously, in that case, the district court had engaged in fact-finding well after the Supreme Court had ruled. It was too late for that. We have no such fact-finding in this case—only a fundamental change in the law.

The *Murdock* holding was recognized as erroneous and overruled by *Keel* a little over a year after *Murdock* was decided. We should not attempt to revive it after our Supreme Court has ruled it should no longer be followed just to satisfy the law of the case doctrine or the mandate rule.

If we were to insist that the district court was firmly bound by our prior remand order and insist on applying *Murdock* principles to Montanez' sentence, the result would be a clear violation of the new statute and our Supreme Court's directive in *Keel*. In other words, an inflexible application of the law of the case doctrine and the mandate rule would lead to an illegal result. We choose to exercise our discretion and refrain from applying both rules in this case.

Thus, the district court did not violate the mandate rule.

Affirmed.

6

* * *

LEBEN, J., concurring: In 2014, Jesse Montanez appealed the sentence he had received in the district court. He had objected to the district court's calculation of his criminal-history score, arguing that his two Illinois convictions from 1982 should not have been scored as person offenses under our state's sentencing guidelines. If those offenses were scored as nonperson offenses, Montanez' criminal-history score would have been a "B" rather than an "A," and his presumptive guideline prison sentence would have been shorter.

Our court ruled in favor of Montanez on this point on May 8, 2015. The State did not file a petition for review with the Kansas Supreme Court, so the Clerk of the Appellate Courts issued the mandate—the order formally transferring the case back to the district court—on June 11, 2015. We ruled in Montanez' favor because his argument was based on our Supreme Court's opinion in *State v. Murdock*, 299 Kan. 312, Syl. ¶ 5, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014. So we sent the case back for resentencing "in accordance with *Murdock*," which should have resulted in a resentencing based on the "B" criminal-history score. *State v. Montanez*, No. 111,149, 2015 WL 2342382, at *5 (2015).

But the district court instead resentenced Montanez to the same sentence we had originally vacated—using the same "A" criminal-history score we had found improper. Montanez has cried foul, and I have some sympathy for his position. But though my analysis differs somewhat from that of the majority opinion, I agree that we must affirm the district court's decision to follow our Supreme Court's decision in *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), which overruled *Murdock* and which was decided between the date we decided Montanez' appeal and the date he was resentenced.

Under the law-of-the-case doctrine, once an issue has been finally decided in a case, the legal principle announced becomes the law of that case in all its later stages or developments. See *State v. Collier*, 263 Kan. 629, 631-32, 952 P.2d 1326 (1998); Garner, et al., *The Law of Judicial Precedent* 441 (2016). And when an appellate court decides an issue and sends the case back to the trial court, the trial court usually must simply obey the decision made, not reconsider it, under what's often referred to as the mandate rule. The trial court normally has no discretion to reconsider what has been decided on appeal. *The Law of Judicial Precedent* 459.

But our Supreme Court has recognized—in line with other courts—that there are exceptions to the law-of-the-case and mandate rules. At one point, perhaps in shorthand fashion, our Supreme Court summarized these exceptions, stating that once an issue is decided by the court, that issue shouldn't be reconsidered "unless it is clearly erroneous or would cause manifest injustice." *State v. Collier*, 263 Kan. 629, Syl. ¶ 3. If those were the only two exceptions, I would rule in Montanez' favor. Although our Supreme Court reversed its *Murdock* decision in *Keel*, the court split 4 to 3 in each case, and I would not find either position "clearly erroneous." Nor do I find any manifest injustice in giving Montanez the benefit of the sentencing law that was in effect when we decided his appeal in 2015. The State chose not to file a petition for review with the Kansas Supreme Court to keep alive its claim in Montanez' case that *Murdock* was wrongly decided—a claim that the State successfully pursued in *Keel* and some other cases.

Even so, there is a third exception to the law-of-the-case doctrine not mentioned in the brief excerpt I quoted from *Collier*. In line with federal caselaw, our Supreme Court recently noted in *State v. Kleypas*, 305 Kan. 224, Syl. ¶ 4, 382 P.3d 373 (2016), that the exception also may be applied when a controlling authority has made a contrary decision regarding the law at issue after it was originally decided. The *Keel* decision is, of course, controlling authority: it came from our Supreme Court. And, based on *Kleypas*, it appears

8

that our Supreme Court generally leans toward applying new, controlling authority, even when it's at odds with the law of the case. See 305 Kan. at 250-55.

Accordingly, I agree that we must affirm the district court. I have placed no significance on the legislative attempt to overrule *Murdock* by statute. As Montanez points out in his brief, that legislation, 2014 House Bill 2053, became effective April 2, 2015, which was before we issued our opinion and before the clerk issued the mandate. Had the State wanted to have us consider whether that statutory change could affect Montanez' case, it could have filed a letter under Supreme Court Rule 6.09 (2014 Kan. Ct. R. Annot. 52) to raise the issue prior to our decision. Or it could have filed a motion to reconsider after we ruled but before the mandate issued. The State did not choose either of those options for pursuing that issue, which could have preserved it. And the legislative change can't be considered a change in controlling authority *after* our decision since it took place *before* we decided Montanez' prior appeal. It therefore cannot serve as the basis for an exception to the law-of-the-case rule. See *The Law of Judicial Precedent* 483-84.