NOT DESIGNATED FOR PUBLICATION

No. 116,320

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

OTIS L. WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed September 8, 2017. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: On February 15, 2006, a jury convicted Otis Williams of three counts of aggravated criminal sodomy. The district court sentenced him to 493 months' imprisonment on March 24, 2006. Williams filed a direct appeal challenging his convictions and sentence. The Kansas Court of Appeals affirmed his convictions and sentence, remanding only for the district court to redetermine BIDS fees. *State v. Williams*, No. 96,576, 2007 WL 4577862, at *5-6 (Kan. App. 2007) (unpublished opinion). The Kansas Supreme Court denied his petition for review on May 28, 2008,

1

286 Kan. 1186, and the mandate was issued on May 30, 2008. On July 28, 2008, the district court filed a journal entry waiving Williams' BIDS fees.

On April 5, 2016, Williams filed a motion for a new trial pursuant to K.S.A. 2016 Supp. 22-3501. The motion states in its entirety: "Comes Now Otis Williams Defendant here In and pursuant to K.S.A. 22-3501 Moves the Court For A Motion For New Trial Pursuant to K.S.A. 22-3501 Newly Discovered Evidence." The district court summarily dismissed the motion, finding it was untimely. Williams appeals. We affirm.

Under K.S.A. 2016 Supp. 22-3501, a motion for new trial based on the grounds of newly discovered evidence must be brought within two years of the final judgment. Williams filed his motion eight years after final judgment in his case, so the motion was clearly untimely. Williams does not argue that his motion was timely. Rather, he argues the district court erred by not construing his motion as one filed under K.S.A. 60-1507.

We review the trial court's decision on a motion for a new trial for an abuse of discretion. *State v. Warren*, 302 Kan. 601, 614, 356 P.3d 396 (2015). When the issue is whether the district court correctly construed a pro se pleading, however, our review is unlimited. *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014). "Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

Courts may construe an untimely motion under K.S.A. 22-3501 as a motion for relief under K.S.A. 60-1507. *State v. Downey*, 29 Kan. App. 2d 467, 470, 27 P.3d 939 (2001). K.S.A. 60-1507(f)(1) requires a defendant to file any motion under the statute within one year of the final order of the last state appellate court or the denial of a petition for writ of certiorari to the United States Supreme Court. A court may only extend this

2

time limitation to prevent manifest injustice. K.S.A. 60-1507(f)(2). In determining whether manifest injustice exists, courts consider this nonexhaustive list of factors: (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the one-year time limitation; (2) the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, i.e., factual, not legal, innocence. *Vontress v. State*, 299 Kan. 607, Syl. ¶ 7, 325 P.3d 1114 (2014).

A movant under K.S.A. 60-1507 bears the burden of showing manifest injustice. 299 Kan. at 617. A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation in K.S.A. 60-1507(f)(1) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Williams' motion was outside the one-year time limit for K.S.A. 60-1507 motions, and he did not affirmatively assert manifest injustice. Because the contents of a pro se pleading govern, Williams' failure to allege manifest injustice weighs against construing his motion as a K.S.A. 60-1507 motion. *Gilbert*, 299 Kan. at 803. Additionally, even if the district court should have construed the motion as one under K.S.A. 60-1507, the court did not err in summarily dismissing it because the motion was still untimely and Williams did not bear his burden of demonstrating manifest injustice. He did not provide a reason for the delay in filing his motion; he did not raise a substantial issue of law or fact; and he did not bring a colorable claim of actual innocence. See *State v. Ryce*, 303 Kan. 899, 964, 368 P.3d 342 (2016) ("[A]n appellate court can affirm the district court if the court was right for the wrong reason.").

Williams' allegation of newly discovered evidence was also not enough to entitle him to an evidentiary hearing at which he might have demonstrated manifest injustice.

3

When reviewing whether the district court should have held an evidentiary hearing before denying a movant's request for a new trial based on newly discovered evidence asserted in a K.S.A. 60-1507 motion, appellate courts must consider: (1) whether the motion alleges facts that do not appear in the original record and which, if true, would entitle the movant to relief; (2) whether the motion sufficiently identifies available witnesses whose testimony would support the allegedly new facts and demonstrate that the movant should receive a new trial; and (3) whether the movant's newly discovered evidence could have been produced at trial through reasonable diligence. *Moncla v. State*, 285 Kan. 826, 840, 176 P.3d 954 (2008). Williams did not fulfill any of these factors. In his motion, he did not even suggest what his newly discovered evidence was or what it might prove.

Construing Williams' motion as a motion under K.S.A. 2016 Supp. 22-3501, the district court did not err in summarily dismissing it because it was untimely. Construing Williams' motion as a motion under K.S.A. 60-1507, the court still did not err because the motion was untimely and Williams did not overcome this procedural bar by asserting manifest injustice. Thus, we affirm the district court's denial of Williams' motion.

Affirmed.