(207 P.3d 257)
No. 99,111

STATE OF KANSAS, *Appellee*, v. WILLIAM J. DALTON, *Appellant*.

Opinion filed August 8, 2008.

*Sarah Morrison,* of Kansas Appellate Defender Office, for appellant.

*David L. Miller,* county attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before RULON, C.J., GREEN and HILL, JJ.

HILL, J.: In this sentencing appeal, William J. Dalton claims he should have a shorter sentence because possessing red phosphorus with the intent to manufacture methamphetamine is the same conduct that is prohibited by the less severe offense of using drug paraphernalia. According to a ruling by our Supreme Court, if the same conduct is prohibited by two statutes and those statutes have different levels of punishment, a defendant can be convicted of either crime, but the court can only impose the sentence of the less severe level. Because we do not think the two statutes here are identical, we hold there was no sentencing error in this case and affirm.

*The facts of this case are not disputed.*

William J. Dalton entered a nolo contendere plea to one count of possession of red phosphorus with intent to manufacture methamphetamine in violation of K.S.A. 65-7006(a). This is a severity level 2 drug felony. In exchange, the State dismissed the remaining count of attempting to manufacture a controlled substance in violation of K.S.A. 65-4159. The court imposed a presumptive 49-month prison sentence.

*We list the relevant statutes and our standard of review.*

K.S.A. 2006 Supp. 65-7006(a), setting out the crime of possessing red phosphorus with intent to manufacture a controlled substance, provides "[i]t shall be unlawful for any person to possess . . . red phosphorus . . . with intent to use the product to manufacture a controlled substance." A violation of this statute is a drug severity level 2 felony. K.S.A. 2006 Supp. 65-7006(e).

K.S.A. 2006 Supp. 65-4152(a)(3), defining the crime of using or possessing drug paraphernalia with intent to manufacture a controlled substance, states "[n]o person shall use or possess with intent to use any drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, sell or distribute a controlled substance in violation of the uniform controlled substances act." A violation of this section is a drug severity level 4 felony. K.S.A. 2006 Supp. 65-4152(c).

K.S.A. 2006 Supp. 65-4150(c) defines the term "drug paraphernalia" as follows:

" 'Drug paraphernalia' means all equipment and *materials of any kind* which are used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of the uniform controlled substances act. 'Drug paraphernalia' shall include, but is not limited to . . . ." (Emphasis added.)

This issue involves the interpretation of statutes. "The interpretation of a statute is a question of law over which this court has unlimited review." *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

*Appellant's arguments are based on* State v. Campbell.

On appeal, Dalton argues the district court erred in sentencing him for a drug severity level 2 felony for the crime of possession of red phosphorus with the intent to manufacture methamphetamine. For support, he points to the definition of drug paraphernalia in K.S.A. 65-4150(c), contending that red phosphorus qualifies as a "material of any kind" as that term is used in that law. Under this theory, Dalton claims his crime of possession of red phosphorus with intent to manufacture methamphetamine found in K.S.A. 2006 Supp. 65-7006(a) is identical to the crime of possession of drug paraphernalia with intent to manufacture in K.S.A. 2006 Supp. 65-4152(a)(3). Consequently, he asks us to reduce his sentence to a drug severity level 4 felony as provided in K.S.A. 2006 Supp. 65-4152(c). This argument all flows from the Kansas Su-

preme Court's decision in *State v. Campbell*, 279 Kan. 1, 106 P.3d 1129 (2005).

In *Campbell*, the defendant was charged with unlawful possession of ephedrine with the intent to manufacture methamphetamine in violation of K.S.A. 65-7006(a). 279 Kan. at 3-4. Upon review, the Supreme Court examined whether ephedrine constituted drug paraphernalia, requiring the defendant to be sentenced to the lesser penalty provision in violation of K.S.A. 65-4152(a)(3). 279 Kan. at 2, 4. At the time of *Campbell*, the legislature defined drug paraphernalia under K.S.A. 65-4150(c) to include " '*products* and materials of any kind which are used or intended for use in . . . manufacturing . . . a controlled substance.' " (Emphasis added.) 279 Kan. at 4.

Because of the inclusion of the term "products" in K.S.A. 65-4150(c), the *Campbell* court decided that the use of the same term in K.S.A. 65-7006(a) meant that these provisions overlapped. Relying upon the overlapping term of "product" found in both statutes, the court held that K.S.A. 65-4150(c)'s definition—that drug paraphernalia was a product—also encompassed ephedrine as a "product" under K.S.A. 65-7006(a). 279 Kan. 1, ¶ 3. Under that analysis, the Supreme Court directed the defendant to receive a new sentence under the less severe level set out in K.S.A. 65-4152(a)(3), (c). 279 Kan. at 17.

Dalton admits he failed to object to this error at sentencing. But K.S.A. 21-4721(e)(3) gives appellate courts jurisdiction to review claims that the sentencing court erred in ranking the sentence severity level. *State v. Spangler*, 38 Kan. App. 2d 817, 833, 173 P.3d 656, 667 (2007). We will proceed then with the appeal.

*There have been refinements to the* Campbell *ruling.*

Since *Campbell*, the legislature has removed the term "product" from K.S.A. 65-4150(c). See L. 2006, ch. 194, sec. 33. By this enactment, we believe the legislature clearly communicated its intent that drug paraphernalia does not include the products listed in K.S.A. 2006 Supp. 65-7006(a).

Also, the Supreme Court's recent decision in *State v. Cooper*, 285 Kan. 964, 179 P.3d 439 (2008), further reinforces the finding

that the crime of possessing red phosphorus with intent to manufacture under K.S.A. 2007 Supp. 65-7006(a) should not be identical to the crime of possessing drug paraphernalia with intent to manufacture. The *Cooper* court, in determining that K.S.A. 65-4159(a) and K.S.A. 65-4152(a)(3) did not have identical elements, stated:

"The legislature has designed statutes that more severely punish someone who manufactures methamphetamine and that also allow an additional, but less severe, punishment because the person possesses drug paraphernalia used to manufacture methamphetamine. The possibility of cumulative punishments for the same conduct is a policy decision for the legislature that should not be undercut by this court. Moreover, the legislative intent directs the discretion of the prosecutor. While the prosecutor may choose to charge an accused under both statutes, that decision would be based on evidence that there was a manufacture and that the accused possessed paraphernalia. [Citation omitted.]" 285 Kan. at 968.

The court went on to say that "[o]ffenses are identical when they have the same elements. [Citation omitted.] In order to determine whether the elements are identical for sentencing purposes, an appellate court must consider the statutory elements in conjunction with the underlying facts. [Citations omitted.]" *Cooper*, 285 Kan. at 966.

Further, the court ruled, "When two statutes contain overlapping provisions, this court must examine the facts in order to determine the area of overlap." 285 Kan. at 967. Here, the facts show that Dalton possessed red phosphorus with the intent to use the product to manufacture methamphetamine. "Accordingly, once it is determined which provisions of a statute apply, the only question is whether the overlapping provisions contain identical elements. That determination is made from the statute." 285 Kan. at 967.

This rationale is supported by *Campbell*'s recognition of the legislature's responses to previous decisions by our appellate courts, which then required the Supreme Court to focus on the overlapping "product" term for its analysis.

"The first case with which we are immediately concerned is [*State v.*] *Frazier*, [30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002)], which was decided in March 2002. At all pertinent times, drug paraphernalia has been defined to include 'products and materials of any kind which are used or intended for use in . . . manufacturing [or] compounding . . . a controlled substance.' K.S.A. 65-4150(c). At the time *Frazier* was decided, K.S.A. 2001 Supp. 65-4152(a)

provided that '[n]o person shall use or possess with intent to use . . . (3) any drug paraphernalia to . . . manufacture . . . a controlled substance.' K.S.A. 2001 Supp. 65-7006(a) provided that '[i]t shall be unlawful for any person to possess ephedrine [or] pseudoephedrine . . . with intent to use the product as a precursor to any illegal substance.' The *Frazier* panel commented on the difference between the wording of 65-4152 'to manufacture a controlled substance' and the wording of 65-7006 'to use as a precursor to any illegal substance' and stated that, despite the language difference, the statutes 'require the same requisite criminal intent.' 30 Kan. App. 2d at 405. Thus, it concluded that possession of ephedrine or pseudoephedrine and possession of drug paraphernalia were identical offenses. 30 Kan. App. 2d at 405.

"On May 17, 2002, the Governor signed a bill that amended both K.S.A. 65-4152 and K.S.A. 65-7006. L. 2002, ch. 155, secs. 3 and 4. Amendments to K.S.A. 65-4152 are not material to this discussion. K.S.A. 65-7006 was amended so that the language difference examined by the *Frazier* panel was eliminated. K.S.A. 65-7006(a) now states that '[i]t shall be unlawful for any person to possess ephedrine [or] pseudoephedrine . . . with intent to use the product to manufacture a controlled substance.' L. 2002, ch. 155, sec. 4. The legislature also added to the list of products prohibited for possession with intent to use to manufacture a controlled substance. L. 2002, ch. 155, sec. 4." *Campbell*, 279 Kan. at 6-7.

*An additional argument by the appellant is not persuasive.*

With no case support, Dalton argues that K.S.A. 21-4717(a)(1)(D) supports his position. We are not convinced.

K.S.A. 65-7003 defines terms used in K.S.A. 65-7001 through 65-7015 and amendments thereto. Specifically, under K.S.A. 65-7003(l)(17), red phosphorus is a "regulated chemical." A "regulated chemical" means

"a chemical that is used directly or indirectly to manufacture a controlled substance or other regulated chemical, or is used as a controlled substance analog, in violation of the state controlled substances act or this act. The fact that a chemical may be used for a purpose other than the manufacturing of a controlled substance or regulated chemical does not exempt it from the provisions of this act." K.S.A. 65-7003(l).

From this definition, Dalton asserts that "materials," as used in K.S.A. 65-4150(c), include "precursor chemicals." In support, Dalton cites K.S.A. 21-4717(a)(1)(D). But Dalton fails to point out that the purpose behind this statute is to provide aggravating factors to be considered in determining whether there are substantial and compelling reasons for a departure sentence and not to provide

definitions of terms used in the criminal code. K.S.A. 2006 Supp. 21-4717(a)(1)(D) reads:

"(a) The following aggravating factors, which apply to drug crimes committed on or after July 1, 1993, under the sentencing guidelines system, may be considered in determining whether substantial and compelling reasons for departure exist:

"(1) The crime was committed as part of a major organized drug manufacture, production, cultivation or delivery activity. Two or more of the following nonexclusive factors constitute evidence of major organized drug manufacture, production, cultivation or delivery activity:

. . . .

"(D) The presence of *manufacturing* or distribution *materials* such as, but not limited to, drug recipes, *precursor chemicals*, laboratory equipment, lighting, irrigation systems, ventilation, power-generation, scales or packaging material."

Even though possession of red phosphorus can be used as an aggravating factor to support a sentencing departure, it would be incorrect to rely upon K.S.A. 21-4717(a)(1)(D)'s description of manufacturing materials to define drug paraphernalia, *i.e.* "material of any kind" in K.S.A. 2007 Supp. 65-4150(c), as including "regulated chemicals," such as red phosphorus. If the legislature wished to define material in that way, it could have done so.

Affirmed.