No. 101,378

STATE OF KANSAS, *Appellee*, v. M.L. SNELLINGS, *Appellant*.

(273 P.3d 739)

Opinion filed April 6, 2012.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause, and *Heather Cessna*, of the same office, was on the brief for appellant.

*Thomas R. Stanton*, deputy district attorney, argued the cause, and *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: M.L. Snellings appeals his sentence, primarily arguing two of his convictions were assigned the wrong severity level by the sentencing court. In making this argument, Snellings attempts to apply the identical offense sentencing doctrine. Under that doctrine, where two offenses have identical elements, an offender can be sentenced to only the less severe penalty applying to the two offenses. Specifically, Snellings argues:

(1)   An offense of possession of ephedrine or pseudoephedrine with intent to manufacture a controlled substance as defined in K.S.A. 2007 Supp. 65-7006(a), a severity level 2 drug felony, must be classified as a severity level 4 drug felony because it has identical elements to the offense of possession of drug paraphernalia with intent to manufacture a controlled substance as defined in K.S.A. 2007 Supp. 65-4152(a)(3), which is a severity level 4 drug felony; and

(2)   An offense of manufacturing methamphetamine as defined in K.S.A. 2007 Supp. 65-4159(a), a severity level 1 drug felony, must be classified as a class A misdemeanor because it has identical elements to the offense of compounding a controlled substance containing ephedrine or pseudoephedrine as defined in K.S.A. 65-4164(a), a class A nonperson misdemeanor.

We find merit in the first of these arguments and therefore vacate Snellings' sentence for possession of ephedrine or pseudoephedrine with intent to manufacture a controlled substance and remand for resentencing on this count as a severity level 4 drug felony. However, we reject the second argument and also reject a third issue raised by Snellings, which is controlled by our decision in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Snellings pleaded no contest to eight drug related charges and a ninth charge of criminal possession of a firearm. At sentencing, the district court made findings regarding Snellings' criminal history, granted Snellings' motion for a downward durational sentencing departure, and imposed a controlling term of 144 months' imprisonment. On direct appeal to the Court of Appeals,

Snellings raised several issues, and the Court of Appeals affirmed in part, reversed in part, and remanded for resentencing. See *State v. Snellings*, No. 101,378, 2010 WL 2216900 (Kan. App. 2010) (unpublished opinion).

Snellings filed a petition for review seeking the discretionary review of this court on only three issues, which we have stated above. This court granted Snellings' petition for review and has jurisdiction over these three issues under K.S.A. 22-3602(e) (petition for review) and K.S.A. 20-3018(b) (same). The other issues considered by the Court of Appeals are not before us for review. See Supreme Court Rule 8.03(a)(5)(c) (2011 Kan. Ct. R. Annot. 70) ("Issues not presented in the petition, or fairly included therein, will not be considered by the court.").

## POSSESSION OF EPHEDRINE OR PSEUDOEPHEDRINE

We first consider Snellings' argument that the offense of possession of ephedrine or pseudoephedrine with intent to manufacture a controlled substance, defined in K.S.A. 2007 Supp. 65-7006(a), a severity level 2 drug felony, is identical to the offense of possession of drug paraphernalia with intent to manufacture a controlled substance, defined in K.S.A. 2007 Supp. 65-4152(a)(3), a severity level 4 drug felony. K.S.A. 21-4721(e)(3) grants an appellate court jurisdiction to consider a challenge to the severity level of the crime, even if the conviction and sentence follow from a plea agreement. See *State v. Thomas*, 283 Kan. 796, 805-06, 156 P.3d 1261 (2007).

### Identical Offense Sentencing Doctrine

The principle behind the identical offense sentencing doctrine, which is the focus of Snellings' argument, is: " 'Where two criminal offenses *have identical elements* but are classified differently for purposes of imposing a penalty, a defendant convicted of either crime may be sentenced only under the lesser penalty provision.' " *State v. Cooper*, 285 Kan. 964, 966-67, 179 P.3d 439 (2008) (quoting *State v. Nunn*, 244 Kan. 207, 229, 768 P.2d 268 [1989]); see *State v. Fanning*, 281 Kan. 1176, 1180, 135 P.3d 1067 (2006). Two policy considerations support this doctrine. First, courts cannot

rationally interpret the legislative intent behind the levels of punishment when two statutes prohibit the same conduct but impose different consequences for engaging in that conduct. Second, the doctrine prevents a prosecutor from indiscriminately choosing between the statutes in charging the offenses and, thus, impermissibly directing the range of sentences. *Cooper*, 285 Kan. at 968.

This court has explained there are three situations where offenses may have identical provisions: (1) where one offense is a lesser included offense of the other; (2) where some provisions in two statutes overlap, the overlapping provisions apply to the charged crime, and the overlapping provisions are identical except for the penalty provisions; and (3) where all provisions in two statutes are identical except for the penalty provisions. The identical offense sentencing doctrine applies to the second and third situations. *State v. Campbell*, 279 Kan. 1, 14-15, 106 P.3d 1129 (2005) (quoting 4 LaFave, Israel & King, Criminal Procedure § 13.7[a], pp. 95-99 [2d ed. 1999]).

Snellings' arguments suggest it is the second situation—overlapping statutes—that applies to his argument. "When two statutes contain overlapping provisions, this court must examine the facts in order to determine the area of overlap. Once it is determined which provisions of a statute apply, the only question is whether the overlapping provisions contain identical elements. That determination is made from the statute." *Cooper*, 285 Kan. at 967 (citing *Campbell*, 279 Kan. 1). This argument requires us to interpret the relevant statutes, which presents a question of law subject to unlimited review. *Cooper*, 285 Kan. at 966.

In *Campbell*, 279 Kan. 1, this court applied these general principles to prior versions of the statutes at issue in the present case, K.S.A. 65-7006(a) and K.S.A. 65-4152(a)(3). The *Campbell* court held the elements of K.S.A. 65-7006(a) overlapped with the elements of K.S.A. 65-4152(a)(3) and, to the extent of the overlap, the elements were identical. Applying the identical offense sentencing doctrine, the *Campbell* court held the defendant must be sentenced to the less severe penalty of the two identical offenses. *Campbell*, 279 Kan. at 16-17. In reaching this decision, the *Campbell* court approved a Court of Appeals decision, *State v. Frazier*,

30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002), which had reached the same result.

After the decision in *Campbell,* the legislature amended K.S.A. 65-7006(a). The State argues the amendments removed the overlapping provisions so that the elements of the two statutes are no longer identical. Snellings argues the legislature failed to remove all of the overlapping and identical elements, meaning the holdings in *Campbell* and *Frazier* still apply and only the less severe sentence can be imposed. To determine which of these arguments is correct, we first will consider the basis for the decisions in *Campbell* and *Frazier* and then examine the statutory amendment.

## *Campbell and Frazier*

Campbell, like Snellings, was accused of possessing ephedrine or pseudoephedrine with the intent to manufacture methamphetamine. At the time *Campbell* was decided and at the time Snellings committed the crime at issue in this case, K.S.A. 65-7006 provided in part: "(a) It shall be unlawful for any person to possess ephedrine, pseudoephedrine, red phosphorus, lithium metal, sodium metal, iodine, anhydrous ammonia, pressurized ammonia or phenylpropanolamine, or their salts, isomers or salts of isomers with intent to use the product to manufacture a controlled substance." At the time of the *Campbell* decision, this offense was classified as a severity level 1 drug felony. See K.S.A. 65-7006(d). Under the version of the statute in effect when Snellings acted, it was a severity level 2 drug felony. See K.S.A. 2007 Supp. 65-7006(f).

Campbell, like Snellings, argued his conviction should be classified as a severity level 4 drug felony because K.S.A. 65-4152(a)(3), a severity level 4 drug felony, had identical elements to K.S.A. 65-7006. K.S.A. 65-4152(a)(3), at the time of both Campbell's and Snellings' offenses, stated in relevant part: "No person shall . . . possess with intent to use . . . (3) any drug paraphernalia to . . . manufacture [or] compound . . . a controlled substance in violation of the uniform controlled substances act."

In comparing the two statutes, the *Campbell* court noted there were two components that had to be identical for the identical offense sentencing doctrine to apply: (1) the offender had to pos-

sess a prohibited item and (2) the offender must intend to use the item in his or her possession for the purpose of manufacturing a controlled substance. Because of the charge that was made against Campbell, the specific item at issue was ephedrine and the manufactured controlled substance was methamphetamine. Thus, for there to be overlapping and identical elements, both statutes had to prohibit the possession of ephedrine or pseudoephedrine with the intent to manufacture methamphetamine. See *Campbell*, 279 Kan. at 16. The only way for both statutes to prohibit this conduct was for ephedrine or pseudoephedrine to be considered "drug paraphernalia" under K.S.A. 65-4152. The *Campbell* court concluded ephedrine or pseudoephedrine fell within the definition of "drug paraphernalia" and, therefore, the elements overlapped and were identical to the extent of the overlap. The court explained:

"The definition of drug paraphernalia in K.S.A. 65-4150(c) includes 'products and materials of any kind' which are intended for use in manufacturing a controlled substance. Thus, the conduct prohibited by K.S.A. 65-4152(a)(3) may include a defendant's act of knowingly possessing a product with the intent to use it to manufacture a controlled substance. Ephedrine and pseudoephedrine are products used in the manufacture of a controlled substance, methamphetamine. Indeed, in K.S.A. 65-7006(a) the legislature used the term 'product' as a synonym for ephedrine or pseudoephedrine. In the circumstances of this case, the elements of the offense were knowingly possessing ephedrine or pseudoephedrine with the intent to use it to manufacture a controlled substance. The elements were the same whether Campbell had been charged under the ephedrine statute or the drug paraphernalia statute. Consequently, he must be sentenced under the lesser penalty provisions for violation of 65-4152(a)(3)." *Campbell*, 279 Kan. at 16-17.

In arguing for this result, Campbell cited and relied on the Court of Appeals decision in *Frazier*, 30 Kan. App. 2d 398. The *Frazier* court had found that because the list of items in K.S.A. 65-4150(c) contained both the terms "products" and "materials," "[e]phedrine and pseudoephedrine fall within the definition of drug paraphernalia because they are *materials* used to manufacture a controlled substance." (Emphasis added.) *Frazier*, 30 Kan. App. 2d at 404-05. Hence, like the *Campbell* court, the *Frazier* court held the defendant could only be charged with the lesser sentence applicable to possession of paraphernalia with intent to manufacture. *Frazier*, 30 Kan. App. 2d at 405.

*2006 Legislative Amendments*

Subsequent to the decision in *Campbell,* the legislature amended the definition of drug paraphernalia found in K.S.A. 65-4150(c) to remove the word "products." L. 2006, ch. 194, sec. 33. The amended statute continues to include as drug paraphernalia "equipment *and materials* of any kind." (Emphasis added.). K.S.A. 2007 Supp. 65-4150(c). Thus, after the amendment, it is unlawful under K.S.A. 2007 Supp. 65-4152(a)(3) to use or possess with intent to use any equipment and materials of any kind to manufacture a controlled substance. This amendment was in effect at the time Snellings committed the offense for which he was convicted.

Relying on *Campbell* and emphasizing the language used by the Court of Appeals in *Frazier,* Snellings argues ephedrine and pseudoephedrine are "materials" used in the manufacture of a controlled substance. The Court of Appeals panel in this case, relying on a previous decision by another panel, *State v. Dalton,* 41 Kan. App. 2d 792, 207 P.3d 257 (2008), *rev. denied* 287 Kan. 767 (2009), rejected this argument. *Snellings,* 2010 WL 2216900, at *3. Snellings argues that *Dalton* was incorrectly decided and the panel in this case erred in relying on that decision.

In *Dalton,* the defendant had argued that red phosphorus qualifies as "materials of any kind" in the definition of drug paraphernalia under K.S.A. 2006 Supp. 65-4150(c). The *Dalton* court rejected this argument, however, reasoning: "Since *Campbell,* the legislature has removed the term 'product' from K.S.A. 65-4150(c). [Citation omitted.] By this enactment, we believe the legislature clearly communicated its intent that drug paraphernalia does not include the products listed in K.S.A. 2006 Supp. 65-7006(a)." *Dalton,* 41 Kan. App. 2d at 795.

The *Dalton* court also explicitly rejected the argument that a contrary legislative intent was expressed by the legislature's use of the terms "materials" and "precursor chemicals" in K.S.A. 2006 Supp. 21-4717(a)(1)(D). That statute, which relates to aggravating factors that may be considered at sentencing, lists as a factor "[t]he presence of manufacturing or distribution *materials* such as, but not limited to, drug recipes, *precursor chemicals,* laboratory equip-

ment, lighting, irrigation systems, ventilation, power-generation, scales or packaging material." (Emphasis added.) K.S.A. 2006 Supp. 21-4717(a)(1)(D). Because K.S.A. 65-7003(l)(17) classifies red phosphorus as a "regulated chemical," Dalton referenced K.S.A. 2006 Supp. 21-4717(a)(1)(D) to argue that "materials" in K.S.A. 2006 Supp. 65-4150(c) includes "precursor chemicals." *Dalton*, 41 Kan. App. 2d at 797-98.

The *Dalton* court did not see this reference as either binding or persuasive. The court noted that the purpose behind K.S.A. 21-4717 is to provide aggravating factors to be considered in determining whether there are substantial and compelling reasons for a departure sentence and not to provide definitions for terms used in the criminal code. *Dalton*, 41 Kan. App. 2d at 797-98. Because of this difference in purpose, the *Dalton* court concluded "it would be incorrect to rely upon K.S.A. 21-4717(a)(1)(D)'s description of manufacturing materials to define drug paraphernalia, *i.e.* 'material[s] of any kind' in K.S.A. [2006] Supp. 65-4150(c), as including 'regulated chemicals,' such as red phosphorus. If the legislature wished to define material in that way, it could have done so." *Dalton*, 41 Kan. App. 2d at 798.

Several Court of Appeals cases have explicitly relied on *Dalton* to reject the argument that the "products" listed in K.S.A. 2007 Supp. 65-7006(a) fall within "materials of any kind" in the statutory definition of "drug paraphernalia" under K.S.A. 2007 Supp. 65-4150(c). See, *e.g.*, *State v. Adams*, 43 Kan. App. 2d 842, 853-56, 232 P.3d 347 (2010), *aff'd in part and rev'd in part* 294 Kan. 171, 273 P.3d 718 (2012); *State v. Terrill*, No. 103,105, 2011 WL 781614 (Kan. App. 2011) (unpublished opinion); *State v. Savage*, No. 104,012, 2011 WL 420727 (Kan. App. 2011) (unpublished opinion); *State v. Busse*, No. 101,703, 2010 WL 5490725 (Kan. App. 2010) (unpublished opinion); *State v. Montgomery*, Nos. 101,507, 102,393, 2010 WL 2502875 (Kan. App. 2010) (unpublished opinion); *State v. Moon*, No. 101,556, 2010 WL 445924 (Kan. App. 2010) (unpublished opinion); *State v. Claussen*, No. 100,899, 2009 WL 4035202 (Kan. App. 2009) (unpublished opinion); *State v. Sutton*, No. 101,522, 2009 WL 3428670 (Kan. App. 2009) (unpublished opinion). The State urges this court to follow *Dalton* and these

other Court of Appeals decisions and conclude that K.S.A. 2007 Supp. 65-7006(a) and K.S.A. 2007 Supp. 65-4152(a)(3) do not have identical elements.

Reliance on *Dalton* is justified, the State argues, because the legislature clearly intended to exclude the items listed in K.S.A. 2007 Supp. 65-7006(a) from the definition of drug paraphernalia in K.S.A. 2007 Supp. 65-4150(c). As the State points out, when the legislature revises an existing law, the court presumes that the legislature intended to change the law that existed prior to the amendment. See *State v. Preston*, 287 Kan. 181, 184, 195 P.3d 240 (2008); *Dalton*, 41 Kan. App. 2d at 795; see also *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985) (stating that "old statutes must be read in the light of later legislative enactments; an older statute must be harmonized with a newer one; if a conflict exists, the older statute must be subordinated to the newer one").

But as Snellings notes: "A statute should not be read to add something that is not found in the plain words used by the legislature or delete something that is clearly found within the ordinary language used." *Farmers Ins. Co. v. Southwestern Bell Tel. Co.*, 279 Kan. 976, 978, 113 P.3d 258 (2005). Applying this general rule, Snellings argues the Court of Appeals in this case and in *Dalton* ignored the words "materials of any kind." Because, he suggests, ephedrine or pseudoephedrine still fall into the definition of drug paraphernalia as "materials of any kind" used to manufacture a controlled substance, such as methamphetamine, the Court of Appeals erred. Citing *Frazier*, Snellings claims the legislature's " 'poor research or inept drafting' " has contributed to its unsuccessful "fix" of the definition of drug paraphernalia.

Indeed, while the legislature's deletion of the word "products" paralleled the *Campbell* court's focus on that word, the failure to delete the word "materials" ignored the Court of Appeals decision in *Frazier*, which stated: "Ephedrine and pseudoephedrine fall within the definition of drug paraphernalia because they are *materials* used to manufacture a controlled substance. [Citation omitted.]" (Emphasis added.) *Frazier*, 30 Kan. App. 2d at 405. The *Campbell* court did not explicitly adopt that language, but it approved the *Frazier* decision and did not correct or criticize the

*Frazier* court's reliance on the term "material." Instead, the *Campbell* court focused on the most obvious connection between the two statutes, noting that both K.S.A. 65-7006(a) and K.S.A. 65-4150(c) used the words "product" or "products" and K.S.A. 65-7006(a) used the term "product" in a manner that made it clear the term was a synonym for the listed items. *Campbell*, 279 Kan. at 16. Given this obvious connection, it was not necessary to continue the analysis to show additional overlap arising because the listed items were also "materials." Thus, the *Campbell* court's focus on "products" in K.S.A. 65-4150(c) does not necessarily imply that the same reasoning would not apply to the word "materials."

As Snellings points out, general rules of statutory interpretation require courts to give ordinary words their ordinary meaning. See *State v. Finch*, 291 Kan. 665, 670, 244 P.3d 673 (2011). "Material" is defined in part as "the substance or substances out of which a thing is or can be made; [c]omposed of or relating to . . . substances." Webster's II New Collegiate Dictionary 675 (1995). Because ephedrine and pseudoephedrine are items that are precursor chemicals used in the manufacture of methamphetamine, they fit within this definition of "material." This point is illustrated by the legislature's own use of the word "materials," in K.S.A. 21-4717(a)(1)(D), which includes "precursor chemicals" as an example of "materials" that may warrant an aggravated sentence: "The presence of manufacturing or distribution *materials* such as, but not limited to, drug recipes, *precursor chemicals*, laboratory equipment, lighting, irrigation systems, ventilation, power-generation, scales or packaging material." (Emphasis added.) While we agree with the *Dalton* court that this sentencing statute does not provide a definition that applies under the Uniform Controlled Substances Act, K.S.A. 65-4101 *et seq.*, the legislature's own use of the word "material" illustrates the common understanding of the term.

Hence, we conclude ephedrine and pseudoephedrine are "materials" and, consequently, the offense of possession of ephedrine or pseudoephedrine with intent to manufacture methamphetamine under K.S.A. 2007 Supp. 65-7006(a) is identical to the offense of possession of drug paraphernalia with intent to manufacture methamphetamine under K.S.A. 2007 Supp. 65-4152(a)(3). As a result,

the district court erred in sentencing Snellings for a severity level 2 drug felony. We therefore vacate Snellings' sentence for possession of ephedrine or pseudoephedrine with intent to manufacture a controlled substance and remand for resentencing on this count as a severity level 4 drug felony.

## MANUFACTURE OF METHAMPHETAMINE

In the other identical offense sentencing issue, Snellings argues he should have been sentenced to a class A misdemeanor under K.S.A. 65-4164(a) (compounding a controlled substance containing ephedrine or pseudoephedrine) and not a drug severity level 1 penalty under K.S.A. 2007 Supp. 65-4159 (manufacture of methamphetamine). The same identical offense sentencing doctrine principles discussed in the prior issue control this question.

The statute under which Snellings was charged, K.S.A. 2007 Supp. 65-4159(a), states it is unlawful for any person to "manufacture any controlled substance." A violation of this law is a severity level 1 drug felony. K.S.A. 2007 Supp. 65-4159(b). There are two components to this crime. The first is "manufacture." Notably, the definition of manufacture includes "compounding." K.S.A. 2007 Supp. 65-4101(n). The second component requires that the result of the manufacturing process be "any controlled substance." A "controlled substance" is defined by K.S.A. 2007 Supp. 65-4150(a) as "any drug, substance or immediate precursor included in any of the schedules designated in K.S.A. 65-4105, 65-4107, 65-4109, 65-4111 and 65-4113, and amendments thereto." K.S.A. 65-4105 lists Schedule I substances, K.S.A. 65-4107 lists Schedule II substances, K.S.A. 65-4109 lists Schedule III substances, K.S.A. 65-4111 lists Schedule IV substances, and K.S.A. 2007 Supp. 65-4113 lists Schedule V substances. Methamphetamine is a Schedule II controlled substance. See K.S.A. 2007 Supp. 65-4101(e); K.S.A. 65-4107(d).

The statute under which Snellings argues he should be sentenced, K.S.A. 65-4164(a), makes it is unlawful for any person to "possess, . . . control, . . . [or] *compound . . .* any controlled substance designated in K.S.A. 65-4113." (Emphasis added.) A violation of K.S.A. 65-4164 is a class A nonperson misdemeanor unless

the drug was "prescribed for or administered, delivered, distributed, dispensed, sold, offered for sale or possessed with intent to sell to a child under 18 years of age." K.S.A. 2007 Supp. 65-4113, which lists Schedule V substances, includes compounds "containing any detectable quantity" of ephedrine or pseudoephedrine.

Snellings argues this misdemeanor statute overlaps with K.S.A. 2007 Supp. 65-4159(a) because "compounding" is the same as "manufacturing" and because a "controlled substance" is manufactured. The Court of Appeals panel rejected this argument.

The panel agreed with Snellings that "compounding" and "manufacturing" were the same conduct, but the panel concluded the misdemeanor statute does not specifically apply to the manufacture of methamphetamine. The panel explained that K.S.A. 65-4164(a) only applies to "any controlled substance *designated in K.S.A. 65-4113*." (Emphasis added.) Methamphetamine is designated a controlled substance under K.S.A. 65-4107(d)(3), which defines Schedule II controlled substances, not K.S.A. 2007 Supp. 65-4113, which defines Schedule V controlled substances. Hence, the Court of Appeals concluded the elements are not identical. *Snellings*, 2010 WL 2216900, at *1-2.

In seeking our review, Snellings argues first that the specific controlled substance that is manufactured is irrelevant; what counts, Snellings contends, is that there is an intent to manufacture some type of a controlled substance. We disagree. Snellings was specifically charged with the manufacture of methamphetamine. Hence, that is what the State had to prove. In order for the statutes to be subject to the identical offense sentencing doctrine, both statutes must be ones under which the State could prosecute the charged crime. If one of the statutes could not be used to convict the defendant of the charged crime, it does not matter that the statutes may overlap in other respects. Rather, "[w]hen two statutes contain overlapping provisions, this court must examine the facts in order to determine the area of overlap. Once it is determined which provisions of a statute apply, the only question is whether the overlapping provisions contain identical elements." *State v. Cooper*, 285 Kan. 964, 967, 179 P.3d 439 (2008) (citing *Campbell*, 279 Kan. 1). Because K.S.A. 65-4164(a) does not cover any con-

trolled substances other than those listed in K.S.A. 2007 Supp. 65-4113 and that statute does not list methamphetamine, the statute does not appear to overlap with K.S.A. 2007 Supp. 65-4159(a), as it applies in this case. Snellings suggests that although the overlap is not obvious, it exists.

To make this alternative argument, Snellings points out that the K.S.A. 2007 Supp. 65-4113 list of controlled substances includes "(e) [a]ny compound, mixture or preparation containing any de-tectable quantity of *ephedrine*, its salts or optical isomers, or salts of optical isomers" and "(f) [a]ny compound, mixture or prepara-tion containing any detectable quantity of *pseudoephedrine*, its salts or optical isomers, or salts of optical isomers." (Emphasis added.) Snellings argues that ephedrine and pseudoephedrine are two in-gredients commonly used to manufacture methamphetamine and, therefore, there is overlap. To support this argument, Snellings cites *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), and *Campbell*, 279 Kan. 1. Snellings' reliance on these cases is mis-placed.

McAdam was convicted of conspiracy to unlawfully manufacture methamphetamine in violation of K.S.A. 21-3302(a) and K.S.A. 65-4159(a). On appeal, he argued his sentence was illegal because it was imposed under K.S.A. 65-4159(a), a severity level 1 drug fel-ony, rather than the lesser penalty under K.S.A. 65-4161(a). At the time of the *McAdam* decision, K.S.A. 65-4159(a) read: "Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture any controlled substance or controlled substance analog." In turn, as in the present case, "manufacture" was statutorily defined as "the production, prepa-ration, propagation, *compounding*, conversion or processing of a controlled substance . . . ." (Emphasis added.) K.S.A. 65-4101(n). And methamphetamine was classified as a controlled substance under K.S.A. 65-4101(e) and K.S.A. 65-4107(d)(3).

McAdam argued that under the identical offense sentencing doctrine, he should have been sentenced under the lesser offense defined in K.S.A. 65-4161(a), which at the time, read in part:

" 'Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to sell, offer for sale or have in such person's possession

with intent to sell, deliver or distribute; prescribe; administer; deliver; distribute; dispense or *compound* any opiates, opium or narcotic drugs, or any stimulant designated in subsection *(d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107* and amendments thereto.' " (Emphasis added.) *McAdam,* 277 Kan. at 142.

The court agreed with McAdam and found that the two statutes had identical elements; both forbade the compounding of methamphetamine. Because the two statutes were identical with respect to McAdam's conduct, he could be sentenced under only the lesser penalty found in K.S.A. 65-4161(a). This court vacated McAdam's sentence and remanded for resentencing as a severity level 3 drug felony. *McAdam,* 277 Kan. at 146-47.

That holding does not apply in this case, however, because the statute considered in *McAdam* is distinguishable from the statute Snellings wishes to have applied. More specifically, the statute at issue in *McAdams*, K.S.A. 65-4107(d)(3), listed methamphetamine by name. Consequently, the *McAdam* court did not analyze whether there would have been identical offenses if the defendant had been charged with manufacturing methamphetamine and the allegedly overlapping statute had prohibited the manufacture of a product containing a detectible quantity of ephedrine or pseudoephedrine.

Likewise, the second case cited by Snellings does not support his argument. In *State v. Campbell,* 279 Kan. 1, 14-15, 106 P.3d 1129 (2005), this court applied the identical offense sentencing doctrine analysis from *McAdam* to conclude that possession of drug paraphernalia with the intent to use it to manufacture methamphetamine in violation of K.S.A. 65-4152(a)(3) was identical to possession of ephedrine or pseudoephedrine with the intent to produce a controlled substance in violation of K.S.A. 65-7006(a). Again, both statutes overlapped to include methamphetamine as a controlled substance and the *Campbell* court's analysis hinged on whether ephedrine and pseudoephedrine were items of drug paraphernalia, not on whether methamphetamine was identical to a compound containing detectable quantities of ephedrine or pseudoephedrine.

While neither *McAdams* nor *Campbell* assist in our analysis on this point, a comparable analysis is found in *Cooper,* 285 Kan. 964.

The defendant in *Cooper* pleaded guilty to manufacturing methamphetamine under K.S.A. 65-4159(a), but he argued that the offense was identical to a less severe offense, the use of drug paraphernalia to manufacture methamphetamine under K.S.A. 65-4152(a)(3). This court held that the offenses were not identical because the general statute prohibiting the manufacture of methamphetamine did not require "the State to prove that a defendant used paraphernalia to manufacture methamphetamine." *Cooper*, 285 Kan. at 967. Therefore, even though, as a factual matter, paraphernalia must have been used to manufacture methamphetamine and evidence could had been admitted to establish the use of that paraphernalia, the jury was not required to find beyond a reasonable doubt that the defendant used paraphernalia to gain a conviction for manufacture of methamphetamine. *Cooper*, 285 Kan. at 967. The *Cooper* court also observed that the legislature designed the statutes to more severely punish those who manufacture methamphetamine and to less severely punish those who merely possess drug paraphernalia used to manufacture methamphetamine. *Cooper*, 285 Kan. at 967-68; see *State v. Thompson*, 287 Kan. 238, 260-61, 200 P.3d 22 (2009) (following *Cooper*).

While *Cooper* is not controlling, its analysis is persuasive. Just as the prosecution did not have to prove that Cooper used ephedrine or pseudoephedrine to manufacture methamphetamine, the prosecution in this case did not have to prove that Snellings manufactured a product containing detectable quantities of ephedrine or pseudoephedrine. Thus, the Court of Appeals correctly concluded that manufacture of methamphetamine under K.S.A. 2007 Supp. 65-4159(a) is not identical to compounding a controlled substance containing ephedrine or pseudoephedrine under K.S.A. 65-4164(a). *Snellings*, 2010 WL 2216900, at *2. Accord *State v. Dick*, No. 98,120, 2009 WL 1393738, at *10-11 (Kan. App. 2009) (unpublished opinion), *rev. denied* 290 Kan. 1097 (2010); *State v. Beal*, No. 98,682, 2009 WL 743156, at *3-4 (Kan. App.) (unpublished opinion), *rev. denied* 289 Kan. 1280 (2009).

After reaching this conclusion, the Court of Appeals panel took a detour in its analysis that seems to arise from confusion over the application of our previous cases. In explaining the reason for the

detour, the panel stated that "based on the analysis used in both the *Cooper* and [*State v. Fanning*, 281 Kan. 1176, 1180, 135 P.3d 1067 (2006),] cases, this court must examine the facts of the case before reaching a definitive ruling on the similarity of the statutes for sentencing purposes." *Snellings*, 2010 WL 2216900, at *2. Instead of examining the facts for the limited purpose of determining whether the statutes overlapped, the Court of Appeals examined the factual proffer presented at the plea hearing to determine if there was a showing that Snellings "had a substance which retained both the characteristics of the pseudoephedrine that it used to be and the methamphetamine that it would become." *Snellings*, 2010 WL 2216900, at *2. The Court of Appeals further noted: "It would have been impossible for the State to prove that Snellings 'compounded' a mixture containing pseudoephedrine under K.S.A. 65-4164(a), because there was no 'compounding' occurring in the vehicle at the time of Snellings' arrest." *Snellings*, 2010 WL 2216900, at *2.

On other occasions, the Court of Appeals has engaged in a similar analysis of how the facts of the particular case may fit the statute that is argued to be identical. Often these cases comment on confusion caused by some language in *Fanning*. See *State v. Moore*, 39 Kan. App. 2d 568, 590, 181 P.3d 1258, *rev. denied* 286 Kan. 1184 (2008) ("This court has sometimes struggled with the application of *Fanning*. However, generally, we have concluded that where the record contains evidence that the defendant actually *used* paraphernalia, manufacturing and possession of drug paraphernalia are identical offenses for sentencing purposes."); *State v. Allen*, No. 95,628, 2007 WL 4158070, at *3 (Kan. App. 2007) (unpublished opinion) ("[T]he outcome of *Fanning* would apparently have been different if the record had supported Fanning's argument that he *used* drug paraphernalia to attempt to manufacture methamphetamine.").

In *Fanning*, 281 Kan. 1176, this court considered whether the identical offense doctrine applied to the offenses of attempted manufacture of methamphetamine and possession of drug paraphernalia with the intent to manufacture methamphetamine. One of Fanning's arguments was that attempted manufacture was an

identical offense to possession of drug paraphernalia with intent to manufacture because "the term 'use' in K.S.A. 65-4152(a)(2) is equivalent to the term 'manufacture' in K.S.A. 65-4159." *Fanning*, 281 Kan. at 1183 (K.S.A. 65-4152[a][2] prohibited the possession or use of drug paraphernalia to "use . . . or otherwise introduce into the human body a controlled substance".). After indicating that, in resolving identical offense issues, courts must consider "the underlying facts in relation to the statutory elements to determine whether the offenses are identical," the *Fanning* court concluded the doctrine did not apply. *Fanning*, 281 Kan. at 1183. This court stated:

"Although the elements are nearly identical, they are not completely identical. Attempted manufacture of methamphetamine requires an additional element not found in possession of drug paraphernalia [prevented or intercepted in actually manufacturing methamphetamine]. Consequently, the two crimes are not identical under the rules applied in both *McAdam* and *Campbell*, which required the elements proven to be exactly the same under each statute." *Fanning*, 281 Kan. at 1183.

After reaching this conclusion, the *Fanning* court went on to address the defendant's "use" argument and found "the record does not support Fanning's argument that he *used* drug paraphernalia to attempt to manufacture methamphetamine. The evidence in this case merely establishes possession of drug paraphernalia. There are no facts to establish that Fanning actually used the paraphernalia for any reason." *Fanning*, 281 Kan. at 1184. This appears to be a peripheral analysis of the term "use" that was not intended to circumvent the court's focus on the statutory elements at issue in the case. In other words, even if the record had supported Fanning's argument that he used drug paraphernalia to attempt to manufacture methamphetamine, the elements would not have been identical because there remained an additional element in the attempt crime. But it is this discussion in *Fanning* that appears to have caused the confusion.

Despite this factual examination, the *Fanning* court returned its focus to the statutory elements, holding: "Limiting our analysis to *McAdam* and *Campbell* and the facts as supported by the record in relation [to] the statutory elements of these crimes, we hold that

the offense of attempted manufacture of methamphetamine is not identical to the offense of possession of drug paraphernalia with the intent to manufacture methamphetamine." *Fanning*, 281 Kan. at 1184.

Two years later in *Cooper*, this court cited *Fanning* for the concept that "[o]ffenses are identical when they have the same elements" and to reiterate that "for sentencing purposes, an appellate court must consider the statutory elements in conjunction with the underlying facts. [Citations omitted.]" *Cooper*, 285 Kan. at 966. The *Cooper* court then clarified that the identification of elements ultimately controls. As we have previously quoted, the *Cooper* court stated: "When two statutes contain overlapping provisions, this court must examine the facts in order to determine the area of overlap. Once it is determined which provisions of a statute apply, the only question is whether the overlapping provisions contain identical elements." Then, in the next sentence, the court stressed: *"That determination is made from the statute."* (Emphasis added.) *Cooper*, 285 Kan. at 967 (citing *Campbell*, 279 Kan. 1). In other words, the facts of the case are only relevant to determine which provisions of a statute apply—a preliminary step—not as a final step of examining the record to determine what evidence was used to prove the overlapping elements.

For example, in this case, we look to the facts to tell us that Snellings was convicted of manufacturing methamphetamine. Once this is established, a comparison of the elements of K.S.A. 2007 Supp. 65-4159(a) and K.S.A. 65-4164(a) reveals that there is no overlap because methamphetamine is not a controlled substance to which K.S.A. 65-4164(a) applies. Consequently, the manufacture of methamphetamine under K.S.A. 2007 Supp. 65-4159(a) does not overlap with and is not identical to compounding a controlled substance containing ephedrine or pseudoephedrine under K.S.A. 65-4164(a).

We therefore affirm Snellings' sentence for manufacture of methamphetamine as a severity level 1 drug felony.

### *Apprendi/Ivory* Issue

Snellings' final argument is that the district court violated his

constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it considered his prior convictions in determining his sentence without requiring those convictions to be included in the criminal complaint or proved to a jury beyond a reasonable doubt.

Snellings acknowledges that this court has consistently rejected this argument. See, *e.g.*, *State v. Bennington*, 293 Kan. 503, Syl. ¶ 9, 264 P.3d 440 (2011); *State v. Riojas*, 288 Kan. 379, 388, 204 P.3d 578 (2009); *State v. Fewell*, 286 Kan. 370, 394-96, 184 P.3d 903 (2008); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). This court continues to hold that the use of prior convictions for sentencing enhancement is constitutional; thus, the Court of Appeals correctly found no merit to Snellings' contention. *Snellings*, 2010 WL 2216900, at *4.

The Court of Appeals is affirmed in part and reversed in part. The district court is affirmed in part and vacated in part. Specifically, Snellings' sentence for violation of K.S.A. 2007 Supp. 65-7006(a) is vacated and remanded with directions to the district court to resentence Snellings to a severity level 4 drug felony under K.S.A. 2007 Supp. 65-4152(c).

MORITZ, J., not participating.
PAULA B. MARTIN, District Judge, assigned.

* * *

JOHNSON, J., concurring: I concur in the result reached by the majority. Specifically, with respect to Snellings' sentence for manufacturing methamphetamine, I agree that the identical offense sentencing doctrine is not applicable. On the record before us, we cannot say that methamphetamine is also a compound that contains any detectable quantity of ephedrine or pseudoephedrine, *i.e.*, the facts of this case do not definitively establish an overlap in the provisions of K.S.A. 2007 Supp. 65-4159(a) and K.S.A. 65-4164(a).

But I write separately to clarify that my vote to affirm Snellings' sentence for the manufacture of methamphetamine does not rely in any way, shape, or form on our prior decision in *State v. Cooper*, 285 Kan. 964, 179 P.3d 439 (2008). In my view, *Cooper* was simply wrong when it declared that nothing in the statute prohibiting the manufacture of methamphetamine, K.S.A. 2007 Supp. 65-4159, "requires the State to prove that a defendant used paraphernalia to manufacture methamphetamine." 285 Kan. at 967. The rationale supporting that statement went as follows:

"Although, as a factual matter, paraphernalia must have been used to manufacture methamphetamine, the State is not required to prove this fact. For example, the State could present a witness who would testify, 'I watched the defendant manufacture methamphetamine.' A defendant might also confess, 'I manufactured methamphetamine.' In either such case, the State would have established a prima facie case and would not be required to prove how that manufacturing occurred or that any paraphernalia was used in the process. Even if the evidence described the scientific process and circumstantially established that paraphernalia had been used in the process, the jury would not be instructed that it must find beyond a reasonable doubt that the defendant possessed paraphernalia for the purpose of manufacturing the methamphetamine." 285 Kan. at 967.

First, I would point out that the last sentence of the foregoing quote, as well as the majority opinion here, confuses the *possessing* of paraphernalia with intent to manufacture methamphetamine with the *using* of paraphernalia to manufacture methamphetamine. The *using* of paraphernalia to manufacture connotes that an act is being performed, rather than an act that is being contemplated. That distinction is important because the crime proscribed by K.S.A. 2007 Supp. 65-4159(a) is the manufacture, not the possession, of methamphetamine. Manufacturing also connotes that the actor is involved in a process. Indeed, as the majority points out, the term "manufacture" is defined in K.S.A. 2007 Supp. 65-4101(n), which states in relevant part:

" 'Manufacture' means the production, preparation, propagation, compounding, conversion or processing of a controlled substance either directly or indirectly or by extraction from substances of natural origin or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis and includes any packaging or repackaging of the substance or labeling or relabeling of its container."

So, for a jury to convict a defendant of manufacturing methamphetamine it has to find beyond a reasonable doubt that he or she performed one of the actions or functions described in K.S.A. 2007 Supp. 65-4101(n). By necessity, the jury could not make such a finding without concluding that the defendant used paraphernalia to "manufacture" the methamphetamine.

*Cooper*'s examples of how manufacturing can be proved without proving the use of paraphernalia to manufacture simply miss the mark. Although we permit a defendant to plead guilty, we do not imbue the defendant with the legal authority to make the determination of whether a crime has, in fact, been committed. Instead, we require that the judge taking the plea be "satisfied that there is a factual basis for the plea." K.S.A. 22-3210(a)(4). In *Cooper*'s example, where a defendant admitted to the court that he or she manufactured methamphetamine, the court would need to be apprised of sufficient facts to satisfy itself that the defendant's actions fit within the statutory definition of "manufacture," *i.e.*, that defendant used paraphernalia to engage in a manufacturing function. Likewise, a witness' declaration that the defendant manufactured methamphetamine would not be competent evidence to support a conviction for violating K.S.A. 2007 Supp. 65-4159 unless there was the additional showing that the witness knew what it means to "manufacture." Indeed, my first question to that witness would be, "How did you know you were watching methamphetamine being manufactured?"

In my view, *Cooper*'s concession that, factually, one cannot manufacture methamphetamine without using paraphernalia to manufacture methamphetamine is sufficient to establish an overlap in the two statutes. *Cooper* apparently construes the doctrine as requiring that the elements of two offenses must be semantically identical, *i.e.*, stated in precisely identical terms. In other words, driving a vehicle recklessly would not be identical to an offense described as using a vehicle to drive recklessly. Likewise, under *Cooper*'s logic, to convict a defendant of digitally raping a victim the State would not be required to prove that the defendant used a finger to rape the victim if an eyewitness states that he or she saw the defendant rape the victim.

Besides being nonsensical, the legal fiction that manufacturing methamphetamine is different from using paraphernalia to manufacture methamphetamine creates due process concerns. I would make the legal world match the real world so that ordinary citizens might know what conduct is proscribed and the accompanying penalty for violating that law.