NOT DESIGNATED FOR PUBLICATION

No. 113,458

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RONNY RAY GRAHAM,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUINN, judge. Opinion filed May 20, 2016.
Affirmed.

*Janine Cox*, of Kansas Appellate Defender Office, for appellant.

*Matthew B. Metcalf* and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*: Ronny Ray Graham appeals the district court's order denying his K.S.A. 60-1507 motion after a full evidentiary hearing. Graham claims the district court erred in determining that trial counsel was not ineffective for failing to argue the identical offense doctrine at sentencing or on direct appeal.

We have been asked by the State to affirm the district court's denial of Graham's 60-1507 motion as the caselaw Graham relies on was not published until 2 years after he was sentenced. Further the State requests us to affirm the district court's ruling because Graham's motion was filed out of time. We agree with the second request and affirm the

1

district court's denial of Graham's K.S.A. 60-1507 motion. Graham was advised of his right to appeal his sentence and failed to timely do so. Therefore, Graham's K.S.A. 60-1507 motion was filed out of time, over 3 years after his conviction and sentence were finalized.

On June 22, 2010, the State filed a complaint against Graham alleging three counts: Count 1, attempted manufacture of a controlled substance in violation of K.S.A. 2009 Supp. 21-36a03, a level 1 drug felony; Count 2, unlawful possession of certain drug precursors in violation of K.S.A. 2009 Supp. 21-36a09(a), a level 2 drug felony; and Count 3, unlawful possession of certain drug precursors in violation of K.S.A. 2009 Supp. 20-36a09, a level 2 drug felony. On July 1, 2010, the court appointed Kerwin L. Spencer to represent Graham in the criminal proceedings. On July 29, 2010, Graham was advised of his right to a preliminary hearing, elected to waive his right to said hearing, and proceeded to arraignment. Pursuant to plea negotiations, Graham pled guilty to Count 2, unlawful possession of certain drug precursors, a level 2 drug felony, and the State dismissed the remaining counts.

On August 24, 2010, the State filed a presentence investigation (PSI) report indicating a criminal history score of A. On September 2, 2010, Spencer filed an objection to the criminal history found in the PSI report. After further investigation and discussion, Spencer and Graham agreed that the criminal history score of A was correct. On September 23, 2010, the court sentenced Graham to 78 months in prison. Graham did not appeal his sentence.

On July 18, 2013, Graham filed a motion to correct an illegal sentence. He argued that under the identical offense doctrine, he should have been sentenced to a level 4 drug felony rather than a level 2 drug felony. In his motion, Graham relied on the Kansas Supreme Court's holding in *State v. Snellings*, 294 Kan. 149, 273 P.3d 739 (2012), which

2

was published 2 years after he had been sentenced. On August 6, 2014, Graham withdrew his motion to correct an illegal sentence.

On December 2, 2014, Graham filed a motion pursuant to K.S.A. 60-1507. He raised a claim of ineffective assistance of counsel for Spencer's failure to raise the identical offense doctrine at sentencing or on direct appeal. On December 30, 2014, the district court held a full evidentiary hearing where Spencer and Graham testified.

Graham testified that on July 29, 2010, he entered into a plea agreement, waived his right to a preliminary hearing, and entered a guilty plea to Count 2, unlawful possession of certain drug precursors, a level 2 drug felony. Graham stated that pursuant to the plea agreement Count 1, a level 1 drug felony, and Count 3, a level 2 drug felony, were dropped. Graham further stated that from the time Spencer was appointed to represent him, through to sentencing, Spencer never informed him of the identical offense doctrine. Graham also testified that Spencer did not inform him of his right to appeal but noted that Spencer may have told him that an appeal would be fruitless. However, Graham did recall that the district court had advised him of his right to appeal.

The district court found that Graham had been advised of his right to appeal by the court during sentencing, but Graham did not think there were grounds to appeal on. The court also found that Spencer had not been ineffective and could not be faulted for application of the identical offense doctrine in cases decided 2 years after Graham's sentencing. The court then denied the K.S.A. 60-1507 motion. Graham timely appeals.

There is no basis to allow Graham to file an appeal out of time. "[A] defendant who enters a plea and does not file a direct appeal cannot collaterally challenge the sentence imposed on the ground that the offense he or she pled guilty to and a second offense having a lesser penalty have identical elements." *State v. Harp*, 283 Kan. 740, 745, 156 P.3d 1268 (2007). A defendant has 1 year from when his or her conviction

becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 60-1507(f)(1). The 1-year limit for appealing may be extended by the district court to prevent a manifest injustice. K.S.A. 60-1507(f)(2). Graham was advised of his right to file an appeal by the court and failed to do so. As a result, this collateral attack on his sentence is improper. The district court did not make a finding of manifest injustice, and neither party has argued the issue in their briefs. Graham was sentenced on September 23, 2010, and did not file his K.S.A. 60-1507 motion until December 2, 2014. As a result, Graham's motion was untimely and cannot be heard.

Affirmed.