NOT DESIGNATED FOR PUBLICATION

No. 118,607

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYLE D. MOORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion on remand filed April 10, 2020. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., LEBEN, J., and KEVIN BERENS, District Judge, assigned.

PER CURIAM: Kyle D. Moore appeals the district court's rejection of his pro se motion to correct an illegal sentence, which the district court treated as a motion to set aside his convictions. This panel affirmed the district court, holding Moore's motion was untimely. Moore petitioned for review to the Kansas Supreme Court, which summarily vacated this panel's opinion and remanded for determination on the merits of Moore's appeal. Before the district court, Moore argued his conviction should be set aside because the crime for which he was sentenced was not a registerable offense under the Kansas Offender Registration Act (KORA), K.S.A. 2019 Supp. 22-4901 et seq. Before us, Moore

1

argues the district court erred in refusing to allow him to withdraw his plea on the grounds that he was never informed of his duty to register. After a review of the appeal on the merits, we affirm the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, the State charged Moore in a different case with violating K.S.A. 2009 Supp. 21-36a09(a), which prohibits the possession of pseudoephedrine with the intent to manufacture a controlled substance, a drug severity level 2 felony. The district court sentenced Moore to 55 months' imprisonment. Moore appealed and, among other things, argued he should have been sentenced under K.S.A. 2009 Supp. 21-36a09(b)(1), which criminalized the use of, or possession with the intent to use, any drug paraphernalia to manufacture a controlled substance, a drug severity level 4 felony. Following our Supreme Court by applying *State v. Snellings*, 294 Kan. 149, 273 P.3d 739 (2012), and *State v. Adams*, 294 Kan. 171, 273 P.3d 718 (2012), a panel of our court held K.S.A. 2009 Supp. 21-36a09(a) was identical to K.S.A. 2009 Supp. 21-36a09(b)(1) and Moore should have been sentenced according to the drug severity level 4 provision. The panel affirmed Moore's conviction under K.S.A. 2009 Supp. 21-36a09(a) but vacated his sentence and remanded with orders to the district court to sentence Moore under K.S.A. 2009 Supp. 21-36a09(b)(1). *State v. Moore*, No. 105,581, 2012 WL 2045359, at *5 (Kan. App. 2012) (unpublished opinion) (*Moore I*).

On remand of the 2009 case, the district court resentenced Moore to 20 months' imprisonment and 12 months' postrelease supervision. Because Moore had already served more than 20 months at the time of resentencing, the district court ordered Moore to be released immediately. Moore was released on June 29, 2012.

For reasons undisclosed in the record, Moore was incarcerated in the Reno County Jail and released on August 20, 2013. During his incarceration, Moore completed

2

offender registration for his 2009 conviction, indicating his physical address as the jail address. The registration documentation signed by Moore outlined his duties and requirements under the offender registration act.

On December 17, 2013, the State in this case charged Moore with four counts of failure to register as a drug offender. The State amended the complaint to include a fifth count of failure to register. On June 2, 2014, Moore pled guilty to all five counts. Moore was subsequently sentenced to an underlying sentence of 32 months' imprisonment and granted 24 months' probation.

On October 1, 2014, the State filed a motion to revoke Moore's probation in this case. The district court issued a bench warrant for Moore's arrest. A year later, on October 26, 2015, Moore was arrested on the warrant. The district court held a revocation hearing on December 21, 2015, and imposed a penalty of 120 days in the Department of Corrections' custody. Moore continued on probation after serving his 120-day sanction. On April 20, 2016, the State again moved to revoke Moore's probation. After a hearing, the district court revoked Moore's probation and imposed his underlying prison sentence in this case.

On July 27, 2017, Moore filed a pro se motion for correction of sentence in this case. Moore argued his earlier drug conviction did not require his registration as a drug offender. The district court held a hearing on the motion, at which Moore was represented by counsel. He argued registration was not required because the Kansas Court of Appeals' remand for resentencing changed his conviction to one under K.S.A. 2009 Supp. 21-36a09(b)(1), which did not require registration. Moore claimed he received a letter from the Kansas Bureau of Investigation on July 14, 2017, telling him he did not have to register. However, Moore also admitted the State presented him with a letter dated August 4, 2017, indicating the earlier letter was an error and Moore did have to register.

The district court then took the opportunity to clarify Moore's motion was actually requesting to set aside his conviction. Moore agreed with this characterization.

Before the district court, the State argued the fact Moore was resentenced in the 2009 case to a severity level 4 did not change the nature of the conviction in that case. The State also asserted the registration requirement occurred at the time of the conviction and notification about the requirement was not necessary. Finally, the State argued Moore did not present a prima facie case for setting aside his plea.

The district court found as a matter of law that Moore's conviction in the 2009 case was for a crime committed in violation of K.S.A. 2009 Supp. 21-36a09(a). The district court denied Moore's motion because his conviction under K.S.A. 2009 Supp. 21-36a09(a) required registration. Moore timely appealed.

On appeal, Moore argued the district court abused its discretion by not allowing him to withdraw his plea on the basis that he was never informed of his duty to register. This panel held Moore's motion was untimely under K.S.A. 2018 Supp. 22-3210(e)(1) and Moore's failure to show excusable neglect to explain why his motion was untimely procedurally barred his motion. *State v. Moore*, No. 118,607, 2019 WL 986909, at *3 (Kan. App. 2019) (unpublished opinion) (*Moore II*). Moore filed a petition for review to the Kansas Supreme Court. The Kansas Supreme Court granted Moore's petition for review and summarily vacated this panel's opinion with orders for this panel to address Moore's appeal on the merits.

Before us now, Moore does not challenge the ruling of the district court but offers a new basis for his argument to withdraw his pleas. Moore argues he should be allowed to withdraw his guilty plea because both the original sentencing court and the resentencing court failed in their statutory duty to inform Moore of his duty to register as a drug offender following his conviction in the 2009 case. Moore also claims his due

4

process rights were violated because there are no consequences for the district court to fail to notify Moore of his duty to register, while Moore's failure to register constitutes a felony. The State argues even if the sentencing courts did not advise Moore of his duty to register, the error was harmless in that he was advised of his duty to register while in jail prior to the charges in this case. The State further responds there is no due process violation because failure to register is a strict liability offense, while failure to notify an offender of his or her duty to register is not a crime.

*Standard of Review*

An appellate court reviews a district court's ruling on a defendant's motion to withdraw a plea for abuse of discretion. A district court abuses its discretion when its decision is: (1) one no reasonable person would have adopted; (2) based on an error of law; or (3) based on an error of fact. *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). The defendant bears the burden to prove the district court abused its discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Interpretation of statutes is a question of law subject to de novo review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

*Analysis*

A district court may set aside a guilty plea after sentencing only to correct manifest injustice. K.S.A. 2019 Supp. 22-3210(d)(2). Manifest injustice is "something obviously unfair or shocking to the conscience." *State v. Barahona*, 35 Kan. App. 2d 605, 608-09, 132 P.3d 959, *rev. denied* 282 Kan. 791 (2006). In considering whether to grant a presentence or postsentence motion to withdraw a plea, courts often look to three factors—referred to as the *Edgar* factors—to determine if the appropriate standard is met: "(1) whether the defendant was represented by competent counsel, (2) whether the

defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) whether the plea was fairly and understandingly made." *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 (2010); see *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). The *Edgar* factors are important "benchmarks for judicial discretion" but should not be relied on to the exclusion of other factors. *Aguilar*, 290 Kan. at 512. Not all *Edgar* factors need to weigh in the defendant's favor in every case, and courts may consider other factors. 290 Kan. at 513. Moore bears the burden to prove that not allowing him to withdraw his plea rises to the level of manifest injustice. See *State v. Oliver*, 39 Kan. App. 2d 1045, 1048, 186 P.3d 1220 (2008), *rev. denied* 287 Kan. 768 (2009).

A.      *Moore had a duty to register.*

Before the district court, Moore argued he did not have a duty to register because his crime of conviction in the 2009 case did not require him to register as a drug offender. On appeal, Moore argues he was originally convicted under K.S.A. 2009 Supp. 21-36a09(b)(1), but, if not, the district court resentenced him under K.S.A. 2009 Supp. 21-36a09(b)(1). The State argues Moore was convicted under K.S.A. 2009 Supp. 21-36a09(a) and resentencing to the lesser offense did not change the crime of conviction. Which subsection Moore was convicted under has important ramifications for this case in that a conviction under K.S.A. 2009 Supp. 21-36a09(a) requires Moore to register as a drug offender and a conviction under K.S.A. 2009 Supp. 21-36a09(b)(1) does not. See K.S.A. 2009 Supp. 22-4902(a)(11)(B).

A review of the history of the 2009 case reveals Moore was convicted of violating K.S.A. 2009 Supp. 21-36a09(a). The record for this appeal does not contain the jury trial verdict for that case, nor does the sentencing transcript reveal under which subsection of K.S.A. 2009 Supp. 21-36a09 Moore was convicted. The sentencing journal entry for the 2009 case lists the crime of conviction as K.S.A. 2009 Supp. 21-36a09 without listing a subsection. In Moore's direct appeal of the 2009 case, Moore argued that while he was

convicted under subsection (a), he should have been sentenced under subsection (b)(1) because it carried a lesser penalty term. A panel of our court agreed, finding Moore was convicted under subsection (a) and, under the identical offense sentencing doctrine, Moore's sentence should have been the same as the punishment for a violation of subsection (b)(1). *Moore I*, 2012 WL 2045359, at *5.

The resentencing journal entry for the 2009 case does list Moore's crime of conviction under K.S.A. 2009 Supp. 21-36a09(b)(1). But that entry does not mean Moore's crime of conviction was changed. The identical offense doctrine's purpose is to sentence a convicted defendant only to the lesser penalty where two criminal offenses have identical elements but are classified differently for sentencing. The identical offense doctrine does not alter a defendant's conviction, only the sentence. See *Snellings*, 294 Kan. at 151. The *Moore I* panel affirmed Moore's conviction under K.S.A. 2009 Supp. 21-36a09(a) and remanded the case to the district court only for resentencing under (b)(1), following the appropriate sentencing guideline for a drug severity level 4 felony. 2012 WL 2045359, at *5. At resentencing in the 2009 case, the district court itself recognized this fact. Therefore, the resentencing journal entry's incorrect listing of (b)(1) as the crime of conviction does not alter this fact that Moore was convicted of violating K.S.A. 2009 Supp. 21-36a09(a). See *State v. Edwards*, 309 Kan. 830, 835-36, 440 P.3d 557 (2019).

Moore was convicted under K.S.A. 2009 Supp. 21-36a09(a). Therefore, he was required to register as a drug offender. See K.S.A. 2009 Supp. 22-4902(a)(11)(B). His duty to register was not removed by his resentencing. The district court did not err in denying Moore's request to withdraw his plea for the reasons argued before it.

B.    *Moore had notice of his duty to register.*

Moore now argues Kansas law requires the district court to inform him of his duty to register. Because neither the sentencing court nor the resentencing court in his 2009 case provided him the statutory notice, Moore claims he cannot be criminally liable in his 2013 case for not registering as a drug offender.

At the time of Moore's initial conviction and sentencing in the 2009 case, K.S.A. 2010 Supp. 22-4905(a)(1) required prison staff to inform an offender upon release from prison of the offender's duty to register. District courts were required to inform offenders of their duty to register when being released on probation or postrelease supervision. K.S.A. 2010 Supp. 22-4905(a)(2). Moore was originally sentenced to 55 months in prison. At his resentencing, Moore was ordered to serve 20 months in prison and was released immediately because he had already served over 20 months. Nothing in the record indicates any prison official notified Moore of his duty to register. At the time of his first sentencing, the district court was not under an obligation to notify Moore of his duty to register under KORA. At the time of Moore's resentencing in June 2012, K.S.A. 2011 Supp. 22-4904(a)(1) required the district court to inform offenders on the record at the time of conviction of their duty to register.

Moore argues it is undisputed that neither of the sentencing courts informed him of his duty to register under KORA. In the 2009 case, the district court did not discuss Moore's registration requirements on the record with Moore at either his sentencing or resentencing hearing. The initial journal entry of sentencing in the drug conviction case does indicate Moore was informed of duty to register as an offender pursuant to KORA. However, the initial journal entry of sentencing also indicates Moore was not convicted of a violation of K.S.A. 2009 Supp. 21-36a09, and the offender registration supplement was not attached to the journal entry. Moore's resentencing journal entry does not indicate Moore was notified of his duty to register. Based upon these ambiguities, the

8

record does not show Moore was notified by the district court of his duty to register at either sentencing hearing.

In *State v. Marinelli*, 307 Kan. 768, 415 P.3d 405 (2018), the Kansas Supreme Court considered whether a district court's failure to advise an offender of the duty to register excuses the offender from registration. Marinelli argued the registration requirement must be vacated because registration was only addressed at sentencing, rather than at conviction as proscribed by statute. The Supreme Court noted KORA uses the word "shall" in describing the district court's duties to notify and offenders' duty to register but also noted "shall" can have different meanings in different provisions. 307 Kan. at 789-90. While "a person's status as an 'offender' might turn on a district court's determination, . . . [KORA] itself imposes the duty to register," not a court order. 307 Kan. at 790. Our Supreme Court held the district court's failure to notify Marinelli at the time of conviction of his duty to register did not excuse him from registering under KORA. But the Supreme Court declined to hold the district court's role was entirely optional, leaving open the possibility that a failure to comply with KORA's notice provision might disadvantage an offender "whose only notice would come from the Act itself." 307 Kan. at 791.

Moore seizes on this last sentence to argue *Marinelli* supports his position. Moore claims he was prejudiced because there was a complete failure to notify him of his duty to register and, under *Marinelli*, he is entitled to relief because of that fact.

Moore is incorrect in asserting he received no notice of his registration requirement under KORA. The affidavit in support of the charges filed in this case indicates that in August 2013, Moore registered under KORA while in the Reno County Jail. His registration documents informed him of the requirements for compliance with KORA. The affidavit also indicates he was released from jail on August 20, 2013, with

9

the notice that he had three days to register a new address under KORA. The charges pled to by Moore in this case arose on August 23, 2013, and continued to November 30, 2013.

Moore also argues the failure of the sentencing court to comply with KORA deprived him of the opportunity to argue KORA did not apply to him and contest KORA registration.

The *Marinelli* court held: "[Some] aspects of KORA appear self-executing, but others depend on a district court's exercise of discretion or judicial fact-finding." 307 Kan. at 784. The *Marinelli* court discussed four categories of KORA registration that determine whether the registration requirement is self-executing or requires judicial action: (1) registration based on a judicial decision finding "'substantial and compelling reasons'" to require registration; (2) registration based upon a district court's factual findings; (3) registration resulting from "non-KORA crimes by inclusion in a diversionary agreement, probation order, or juvenile sentencing order"; and (4) registration based on the convicted offense itself. 307 Kan. at 784-85. "[T]he legal obligation to register springs from the existence of statutory conditions, such as a conviction of a specified offense, and are not dependent on a court's discretion or factual determinations." 307 Kan. at 785.

At the first sentencing hearing in the 2009 case, the district court had no obligation to inform Moore of this duty to register. See K.S.A. 2009 Supp. 22-4904 and 22-4905. However, at the first sentencing hearing, the district court could not require registration by Moore if it found the possession of the precursor was for manufacturing drugs for personal use. Nothing in the record indicates Moore asked for such relief. Further, Moore cannot show he was prejudiced by the district court not giving notice when it was under no obligation to do so.

At the second sentencing in the 2009 case, the district court was obligated to inform Moore of his duty to register at the time of conviction. See K.S.A. 2009 Supp. 22-4904. However, the district court could no longer relieve a person from registration as previously provided in K.S.A. 2009 Supp. 22-4902(a)(11)(B). It was impossible for the district court to give the KORA notice to Moore at the time as directed by statute because that time had already passed. Even if the district court had given Moore notice, there was no provision allowing the district court to provide him relief from the registration duty.

Moore cannot show the failure of the district court to inform him of his duty to register under KORA in the 2009 case caused him to be misled, coerced, mistreated, or unfairly taken advantage of in this case. Nor does he show his plea in this case was not fairly and understandingly made. Therefore, even under this new theory, the denial of his motion by the district court is not obviously unfair or shocking to the conscience.

C.    *Moore was not prejudiced by any failure of the district court to comply with KORA.*

Moore argues the failure of the district court to comply with KORA is a per se violation of his due process rights. He argues due process is violated because his failure to register is punishable by a felony while there is no punishment to the court or government for failure to comply with KORA. The Kansas Supreme Court recognized KORA does not create a consequence for failing to inform a defendant of the duty to register at the appropriate time but does create a consequence for that failure to register. *Marinelli*, 307 Kan. at 790. However, the Kanas Supreme Court declined to address any such disadvantage until prejudice is presented. 307 Kan. at 791. Similar to *Marinelli*, here Moore has not shown he was prejudiced by any failure of the district court to provide him notice of his duty to register under KORA.

Moore has failed to satisfy his burden to demonstrate manifest injustice justifies withdrawal of his plea. We hold the district court did not abuse its discretion in denying his motion.

Affirmed.